OPINION OF THE COURT

Per Curiam.

Because plaintiff failed to show facts sufficient to require a trial of the issue of actual malice, defendants’ motion for summary judgment was properly granted.
The complaint in this libel action alleges a single cause of action against all defendants for conspiracy to defame plaintiff by publication of a false statement that "Friends of Animals has hired trappers to skin baby seals alive to be filmed and shown on television under the presumption that the act was spot news”. Plaintiff asserts that this was published in retaliation for its campaign to persuade people not to buy fur coats. Trial Term granted defendants’ motion for summary judgment and dismissed the complaint, but the Appellate Division reversed. We now reinstate the judgment of Supreme Court.
We agree with the majority at the Appellate Division that for purposes of seeking damages for defamation plaintiff is a "public figure”. Accordingly defendants must be deemed to have a qualified privilege and may be held to be liable only if plaintiff establishes the existence of actual malice. (Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 383-384; Chapadeau v Utica Observer-Dispatch, 38 NY2d 196.) This plaintiff has failed to do.
To obtain summary judgment it is necessary that the movant establish his cause of action or defense "sufficiently to warrant the court as a matter of law in directing judgment” in his favor (CPLR 3212, subd Do]), and he must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must "show facts sufficient to require a trial of any issue of fact” (CPLR 3212, subd [b]). Normally if the opponent is to succeed in defeating a summary judgment motion he, too, must make his showing by producing evidentiary proof in *1068 admissible form. The rule with respect to defeating a motion for summary judgment, however, is more flexible, for the opposing party, as contrasted with the movant, may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form (e.g., Phillips v Kantor & Co., 31 NY2d 307; Indig v Finkelstein, 23 NY2d 728; also CPLR 3212, subd [f]). Whether the excuse offered will be acceptable must depend on the circumstances in the particular case. Notwithstanding that the burden on the opponent is not always so heavy as that on the movant, in this case the opposing plaintiff has tendered no evidentiary proof of actual malice in any form. Nothing but conclusory assertion is offered.
In view of our conclusion in this regard, we do not reach or consider defendants’ other contentions.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court granting defendants’ motion for summary judgment dismissing the complaint reinstated.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion.
Order reversed, with costs, and the judgment of Supreme Court, New York County, reinstated. Question certified answered in the negative.