■ SYRACUSE SUPPLY COMPANY, Appellant, v RICHARD L. VOGEL et al., Defendants-Respondents and Third-Party Plaintiffs-Respondents. ANDREW A. LEVY, Third-Party Defendant-Respondent. — Order unanimously reversed, with costs, plaintiff's motion for summary judgment granted with respect to liability and matter remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiff sued Richard L. Vogel and R. L. Vogel, Inc. (Vogel), on a guarantee of the indebtedness of Seneca Mining Corporation (Seneca) arising from the sale for $2,240,070 of certain mining equipment. In the third-party action Vogel seeks to recover, *inter alia,* under an agreement indemnifying Vogel for a percentage of Vogel's liability based on the guarantee agreement with plaintiff. On November 7, 1978 Seneca delivered its promissory note to plaintiff to evidence the then existing indebtedness of $772,624 for the equipment under which it agreed to pay plaintiff $100,000 before December 20, 1978 and the remainder in 48 monthly payments due on the tenth of each month. After payment of the $100,000 Seneca defaulted. Plaintiff recovered possession of the equipment in a replevin action in the Federal District Court in Allegheny County, Maryland. At that time the outstanding debt was $672,624 and, after applying the proceeds from plaintiff's public sale of the equipment, a deficiency of $290,272.37 resulted. Plaintiff seeks summary judgment for this amount. Prior to Seneca's default, negotiations were conducted by outside interests (Ross) to purchase certain of Seneca's assets including the equipment sold to it by plaintiff. Following the default, Ross, fearful of the effect of plaintiff's repossession of the equipment on Seneca's contract mining programs, proposed to plaintiff to assume the debt owed to it by Seneca by making the monthly installment payments beginning May 10, 1979. Plaintiff, however, sought immediate payment of the past due delinquency totaling $55,000 and payment of the first monthly installment on April 10, 1979. Ross, in turn, proposed to pay the delinquency in four installments adding them to the monthly payments otherwise due beginning May 10, 1979. Other installment alternatives were also suggested. Plaintiff rejected Ross' offer insisting on immediate payment of $55,000 with installments to begin on May 1, 1979. Defendants Vogel claim that granting plaintiff's motion for summary

judgment is precluded because there is an issue of fact regarding the commercial reasonableness of plaintiff's conduct in rejecting the offer and auctioning the collateral without first investigating Ross' credit worthiness when plaintiff knew that a substantial deficiency would result and Seneca's business would fail. Special Term denied plaintiff's motion for summary judgment, although it found that the sale was properly conducted pursuant to the Uniform Commercial Code and that the sale price was apparently fair and reasonably consistent with the market value although it involved a loss of almost $290,000 to Seneca and the guarantors. Special Term concluded: "what is really involved is a matter of good faith. In this case the good faith of Syracuse Supply Company should be weighed against the good faith of the defendants consistent with their capacity to pay". Under subdivision (3) of section 9-504 of the Uniform Commercial Code disposition of repossessed collateral must be commercially reasonable in every respect including the "method, manner, time, place and terms" *(Bankers Trust Co. v Dowler & Co.,* 47 NY2d 128). Price is a significant part of the commercially reasonable test insofar as it is one of the "terms" of the sale and determines the amount of a deficiency, if any, although "The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not óf itself sufficient to establish that the sale was not made in a commercially reasonable manner" (Uniform Commercial Code, § 9-507, subd [2]; see, also, Uniform Commercial Code, § 2-706, Comment 4; *Old Colony Trust Co. v Penrose Inds. Corp.,* 280 F Supp 698, affd 398 F2d 310; White and Summers, Uniform Commercial Code, §§ 26-9, 26-11). If plaintiff's sale was commercially reasonable as a matter of law then plaintiff is entitled to a deficiency judgment against Vogel. Vogel questions the "manner" of sale by arguing that a price greater than current market value could have been realized if plaintiff had dealt with Ross in "good faith" and thereby equates plaintiff's failure to deal with Ross to a lack of "good faith". This same argument was presented to the Court of Appeals in *Bankers Trust Co. v Dowler & Co.* (47 NY2d 128, *supra)* where a defaulting debtor offered as a defense to a summary judgment motion in an action on a deficiency that the secured party, in selling the collateral for cash, could have avoided a deficiency if it had dealt with a named third party for credit. In affirming summary judgment the Court of Appeals held that the secured party acted in a commercially reasonable manner, as a matter of law, in selling the collateral as it did. To do otherwise would require the secured party to substitute cash for a deferred payment for 16 to 18 days "contrary to its legitimate self-interest" and would needlessly place it at "a borrower's mercy". The court stated that a "secured party need not fall back upon his debtor's recommendations in order to satisfy his duty of reasonable care" *(Bankers Trust Co. v Dowler & Co., supra,* p 136). Here plaintiff was not obliged under the security agreement and Vogel's guarantee to sacrifice its self-interest by forsaking cash for credit considerations, losing its position in the replevin proceeding and incurring additional delays and expense by striking a deal with a third party whose credit worthiness was never established. Clearly, the plaintiff need not fall back upon Vogel's recommendations in order to satisfy its duty of reasonable care. Defendants Vogel have not demonstrated by admissible evidence the existence of any fact which requires a trial of the action except with relation to the amount of damages *(Zuckerman v City of New York,* 49 NY2d 557; *Rotuba Extruders v Ceppos,* 46 NY2d 223; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). The undisputed facts bearing upon commercial reasonableness make it evident as in *Dowler,* that defendants could not succeed in obtaining "a factual or legal determination in [their] favor" *(Bankers Trust Co. v Dowler & Co., supra,* p 137). Accordingly, the order denying plaintiff's motion for judgment against defendants Vogel should be reversed, the motion granted and, it appearing that the only triable issue of fact relates to

the amount or extent of damages, the matter should be remitted to Supreme Court, Onondaga County, for an immediate trial of that issue of fact (CPLR 3212, subd [c]). This denial of the motion of defendants and third-party plaintiffs Vogel for summary judgment against third-party defendant Andrew A. Levy was based on Special Term's denial of plaintiff's motion for summary judgment. Special Term never reached the merits of Vogel's cross motion for summary judgment against Levy. Levy's affidavit in opposition to the motion for summary judgment raises factual issues which may preclude granting Vogel's motion. Levy states that Vogel represented to him that he "would never have to indemnify him under the indemnity agreement since the value of the equipment would always be greater than the unpaid purchase price" and argues that in addition no consideration for the execution of the indemnity agreement passed from Vogel to Levy. Levy argues that the third-party complaint should be dismissed and raises other issues. It is obvious that this court cannot rule on Vogel's cross motion for summary judgment against Levy and this motion must be remitted to Supreme Court, Onondaga County, for disposition. (Appeal from order of Onondaga Supreme Court — summary judgment.) Present — Dillon, P. J., Schnepp, Callahan, Doerr and Witmer, JJ.