(January 14, 1985)

■ BELMONT ELECTRIC Co., INC., Individually and on Behalf of Others Similarly Situated, Respondent, v FLUSHING DEVELOP-

MENT CORP. et al., Appellants, et al., Defendants. — In an action to recover damages for breach of contract, the appeal is from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated March 16, 1983, as, upon granting reargument to the plaintiff, vacated its prior decision dated November 22, 1982 and denied appellants' motion for summary judgment.

Order affirmed, insofar as appealed from, without costs or disbursements.

Appellants advance several grounds for summary judgment on plaintiff's claim for damages for breach of an alleged oral agreement. Appellants contend that plaintiff is estopped from claiming that any amount is due for work performed prior to June 1, 1974. However, they have failed to establish that any portion of the $403,355.50 demanded in the complaint was for work performed prior to that date. A letter from plaintiff dated January 7, 1975, offered by appellants in support of their argument, purports to show a demand for payment for items of work performed prior to June 1, 1974. While the letter did recap all work performed, it also acknowledged sufficient payment to cover all items prior to June 1. The remaining items for which payment was demanded were either undated or subsequent to that date. Accordingly, appellants' theory of estoppel is unsupported by their own documentary evidence.

Appellants also contend that the oral agreement alleged by plaintiff is unenforceable on the ground that the price term is too indefinite. Plaintiff alleged that appellant Flushing Development Corporation promised an "agreeable settlement" for all work done. Such a promise is enforceable as a promise for "reasonable compensation" (see 1 Williston, Contracts [3d ed], § 41; *Corthell v Summit Thread Co.,* 132 Me 94), particularly where the alleged agreement was fully executed (cf. *Chard v Ryan-Parker Constr. Co.,* 182 App Div 455, 461).

It is fundamental that to "obtain summary judgment it is necessary that the movant establish his * * * defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b])" (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). Appellants have failed to sustain this burden. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.