■ KONSTANTINOS TZERTZELAS, Respondent-Appellant, v GEORGE MARKATOS, Appellant-Respondent.—In an action to recover the unpaid balance of money due under a contract for the sale of a taxicab and medallion, the parties appeal and cross-appeal from stated portions of an order of the Supreme Court, Nassau County (Burstein, J.), dated January 4, 1985, which, *inter alia,* in effect, denied the defendant's motion for

summary judgment, but held that the only factual issues to be resolved at trial were (1) when the funds to be applied to the purchase price of the taxicab and medallion were lost or embezzled, and (2) the extent of the plaintiff's damages, if any. The appeal brings up for review so much of an order of the same court, dated February 28, 1985, which, upon granting the defendant's motion for reargument, vacated the order dated January 4, 1985 and adhered to its original determination denying the defendant's motion for summary judgment (see, CPLR 5517 [b]).

Appeal by the defendant from stated portions of the order dated January 4, 1985 dismissed. That order was superseded by the order dated February 28, 1985.

Cross appeal by the plaintiff from stated portions of the order dated January 4, 1985 dismissed as abandoned.

Order dated February 28, 1985 affirmed, insofar as reviewed.

The plaintiff is awarded one bill of costs.

In order to obtain summary judgment, the defendant was required to show facts sufficient for the court to find, as a matter of law, that the risk of loss of the purchase price had passed to the plaintiff before the funds were lost or embezzled (see, e.g., Asher v Herman, 49 Misc 2d 475), and the defendant was required to do so by tender of evidentiary proof in admissible form (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). The evidence presented was not sufficient for a court to determine, as a matter of law, whether an escrow agreement was made, whether the parties' contract for the sale of the taxicab and medallion was conditioned upon settlement of a lawsuit arising from an accident in which the plaintiff's taxi was involved on June 10, 1981, or when the funds to be applied to the purchase price of the taxicab and medallion were lost or embezzled. Therefore, the defendant's motion for summary judgment was properly denied. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.