OPINION OF THE COURT
Harold Baer, Jr., J.
In this action, defendant, Bank Leumi (the Bank), initially moved for partial summary judgment on its counterclaim for damages. Plaintiffs then cross-moved for summary judgment, and in response defendant moves for full summary judgment pursuant to CPLR 3212 (b), dismissing plaintiff’s complaint.
In October 1982 plaintiff, Jacket House, and the Bank *263 entered into a banking relationship which included the Bank extending financing and loans to Jacket House which was in the outerwear clothing industry.
The security agreement provided that the Bank could, at any time, demand additional security as the Bank may require. Guarantees, executed by plaintiffs Cohen and Jabick, were broad and included the guaranteed payment to the Bank of any or all liabilities of Jacket House when they became due.
Beginning in January 1983, Jacket House and the Bank agreed that open letters of credit would be used for plaintiffs’ account, in return for which the Bank agreed to accept various time drafts signed by Jacket House.
In April 1983, time drafts became due and owing but were not paid. Jacket House admitted its inability to pay and requested the Bank to roll over the debt. Later in the spring of 1983 the Bank learned of a discrepancy between certain representations concerning Jacket House’s financial worth and previous financial statements. An audit was conducted and a 29% drop in sales was discovered.
Under the security agreements both the diminution in net worth and inability to make timely payments constituted a default on the underlying loans. The security agreement gave the Bank the right to change its method of financing, where it felt insecure, and to request additional security.
On June 2, 1983, Jacket House was requested to and agreed to execute an accounts receivable loan and security agreement and the Bank continued to advance funds to Jacket House provided the principal amount was 80% of Jacket House’s qualified accounts receivable. The Bank also required the guarantors, Cohen and Jabick, to supply Jacket House with $30,000 in additional capital. The additional capital and past due payments were never proffered and on June 28, 1983, a liquidation was agreed upon in lieu of the additional capital. This liquidation agreement stipulated that sums collected would be used to reduce the sums owed to the Bank, then $331,520. Bank Leumi continued to finance Jacket House during the liquidation, at the end of which the debt was reduced to $255,697.96.
In opposition to the Bank’s motion for summary judgment, Jacket House alleges that the June agreement constituted a novation, and therefore, neither Jacket House nor the guarantors are liable under the prior agreements. I disagree.
*264 Uniform Commercial Code § 9-501 provides that when a debtor is in default under a security agreement, the secured party has the rights and remedies provided in the agreement. There is no question but that Bank Leumi was entitled to demand the additional security upon the failure of Jacket House to repay on time and the discrepancy between the plaintiffs’ financial records and its representations provides ample cause under that agreement.
In Bankers Trust Co. v Bowler & Co. (47 NY2d 128 [1979]), the Court of Appeals held that if there is a valid security agreement, the creditor could declare a default upon deeming itself insecure. Subsequently, a liquidation of the company was made to reduce the debt.
While the Bank in the instant case could have declared Jacket House in default in early 1983, it chose instead, as was its right under the security agreement, to demand additional security. No issue of fact is raised to support plaintiffs’ argument that the June 2nd arrangement covering the accounts receivable constituted a novation or that it was otherwise not liable to the Bank for its debts. (See, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979].)
Turning to the liability of the guarantors, Cohen and Jabick, the guarantee provided that the underlying obligations may be changed without affecting the validity of the guarantee, and therefore, Cohen and Jabick are liable under their guarantees. (See, American Bank & Trust Co. v Koplik, 87 AD2d 351 [1st Dept 1982].)
Summary judgment should also be granted to the Bank on the issue of damages in the amount of $255,697.36, the amount outstanding after the liquidation. Plaintiffs have failed to raise a triable issue as to damages; under the security agreement, the Bank could not waive its rights unless in writing. Under paragraph 6 of the security agreement, the Bank is entitled to be paid for all costs and expenses paid by the Bank in disposing of the secured property and for interest on its loans until paid. Any oral modifications to the Bank’s rights as suggested by plaintiffs would be unenforceable. (See, General Obligations Law § 15-301; Braten v Bankers Trust Co., 60 NY2d 155 [1983].)
Finally, plaintiff’s complaint must be dismissed since the claims it raises are, based on the undisputed facts, insufficient as a matter of law or are based on oral modifications which are unenforceable. (See, General Obligations Law § 15-301.)
*265 Accordingly, the Bank’s motion for summary judgment is granted in its entirety, and the plaintiffs’ cross motion is denied.