(October 27, 1986)

■ ARKWIN INDUSTRIES, INC., Respondent, v HADCO ALUMINUM & METAL CORPORATION, Defendant and Third-Party Plaintiff-Respondent. TABER METALS INC., Third-Party Defendant-Appellant.—In an action to recover damages for breach of contract, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Kutner, J.), entered March 15, 1985, which denied its motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Arkwin Industries, Inc. (hereinafter Arkwin) purchased aluminum tubing from the defendant and third-party plaintiff Hadco Aluminum & Metal Corporation (hereinafter Hadco) to use in the manufacture of hydraulic reservoirs

under a Government contract. The purchase order required the tubing to conform to a certain Federal specification. Hadco in turn purchased the tubing from the third-party defendant Taber Metals Inc. (hereinafter Taber). Both Hadco and Taber certified that the tubing met the Federal specification. Arkwin claims that the tubing did not withstand the manufacturing process and that, after subsequent testing, it determined that the tubing did not meet the Federal specification. After this action was commenced, Hadco brought a third-party action against Taber for indemnification or contribution.

We agree with Special Term that numerous factual issues preclude the granting of Taber's motion for summary judgment (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). Taber seeks dismissal of the main complaint on the ground that the goods were sold to Arkwin based on an approved sample and that Arkwin subsequently inspected and accepted the tubing. However, Taber failed to present proof that the parties intended the transaction to be a sale by sample, particularly in light of the requirement that the tubing conform to a Federal specification.

Even if this were a sale by sample, UCC 2-714 would permit Arkwin to sue for breach of warranty for nonconforming goods provided reasonable notice of the defect was given. Whether notice is given within a reasonable time depends on the circumstances of the transaction (UCC 1-204 [2]). Because of the disputed factual issues here, we decline to rule as a matter of law on the timeliness of Arkwin's notice to Hadco of the defect.

Taber has failed to present sufficient evidence that Hadco is estopped as a matter of law from seeking indemnification. We find Taber's remaining arguments to be without merit. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.