■ ROMCO PLANNING AND DEVELOPMENT CORP., Respondent, v HENRY G. WILLIAMS et al., Appellants, et al., Defendant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the New York State Department of Environmental Conservation (hereinafter the DEC) from regulating a certain parcel of real property located in Richmond County, the appeal is from an order and judgment (one paper) of the Supreme Court, Richmond County (Kuffner, J.), dated May 6, 1986, which, among other things, (1) denied the DEC's motion to dismiss the petition, and (2) granted the petition and barred the DEC from regulating the parcel pursuant to the Freshwater Wetlands Act (ECL art 24).

Ordered that the order and judgment is reversed, on the law, with costs, and the motion to dismiss is granted *(see, Matter of Wedinger v Goldberger,* 129 AD2d 712 [decided herewith]). Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.

■ GARI SCHULTZ, Plaintiff, v COMMAND BUS COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. HERTZ CORPORATION, Third-Party Defendant-Appellant.—In a third-party action for indemnification, the third-party defendant Hertz Corporation appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated March 4, 1987, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the third-party complaint is dismissed.

We find no triable issue was raised by the third-party plaintiff with respect to ownership by Hertz of a vehicle allegedly involved in the accident *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Zuckerman v City of New York,* 49 NY2d 557). The Hertz Corporation's attorney's affirmation was a proper vehicle for the submission of documents which showed that the assertions of the defendant third-party plaintiff Command Bus Company, Inc., that the vehicle in the accident was a Hertz truck, were merely conclusory *(see, Zuckerman v City of New York, supra,* at 563). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.