DAVID V. DELUCA, Respondent, v JOHN R. WAHL, Individually and Doing Business as JOHN WAHL CONSTRUCTION SERVICES, Appellant

Memorandum: Pursuant to an oral contract, defendant constructed a retaining wall at plaintiff's cottage on Lake Ontario. On August 26, 1986, the wall collapsed into the lake and plaintiff commenced this action, asserting causes of action in negligence and breach of warranty.

Plaintiff moved for partial summary judgment on the issue of liability in his negligence cause of action. Special Term granted his motion. We affirm. Plaintiff demonstrated entitlement to partial summary judgment by submitting evidentiary proof in admissible form "sufficiently to warrant the court as a matter of law in directing judgment" in his favor (CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). In his examination before trial, plaintiff stated that defendant told him that the wall collapsed because defendant failed to properly install welds and buried the supporting sheeting to an inadequate depth. Defendant's statement constitutes an admission which could be received in evidence at trial against him (Richardson, Evidence § 209 *et seq.* [Prince 10th ed]). Consequently, it supplied the necessary

evidentiary proof in admissible form to demonstrate plaintiff's entitlement to summary judgment. Once plaintiff met his initial burden of showing entitlement to summary judgment, it was incumbent upon defendant to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]) by producing evidentiary proof in admissible form or by demonstrating an acceptable excuse for his failure to meet the strict requirement of tender in admissible form *(Zuckerman v City of New York, supra,* at 562). This defendant failed to do. Moreover, the affirmation of defendant's counsel, who was without personal knowledge of the facts, lacked probative value and may not be considered. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—partial summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.