OPINION OF THE COURT
David B. Saxe, J.
In this action the plaintiff seeks money damages from a manufacturer of a prescription drug known as prednisone, and from his treating physician who prescribed prednisone to treat the plaintiff’s asthma. Plaintiff claims that the use of the drug caused him to develop a condition called bilateral femoral aspetic necrosis, and that the defendants neglected to notify him of the responsibility of such an adverse reaction.
The defendant drug company, Halsey Drug Co., Inc. (Halsey), now moves for summary judgment dismissing the complaint. It submits deposition testimony indicating that the codefendant physician knew that aseptic necrosis was a possible adverse reaction to prednisone, and reasons that under these circumstances it was under no duty to warn the plaintiff, and in any case the absence of warnings cannot constitute a proximate cause of the injury.
In opposition two arguments are advanced: first, that a bankruptcy petition of third-party defendant Zenith Laboratories requires a stay of all proceedings in the present action including this motion; and second, on the merits, that in the absence of proof that Halsey provided adequate warnings regarding prednisone, summary judgment in its favor is inappropriate.
By separate notice of motion, Halsey moves to strike the action from the Trial Calendar. Both motions are consolidated for disposition.
As to the procedural grounds for opposing the summary judgment motion, the stay was modified by order dated September 7, 1988 to authorize, nunc pro tunc, Halsey’s motion for summary judgment. In any case, the automatic bankruptcy stay imposed pursuant to 11 USC § 362 (a) would not *639 apply to this motion. "The clear language of Section 362 (a) (1) * * * extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants.” (Pitts v Unarco Indus., 698 F2d 313, 314 [7th Cir 1983].) This summary judgment motion considers only the primary action between the plaintiff, the treating physician, and Halsey. A determination could have no negative effect on third-party defendant Zenith Laboratories; either the motion will be granted, rendering moot the third-party complaint by Halsey against Zenith, or the motion will be denied and the status quo maintained.
Turning therefore to the merits of the motion, it raises one issue: is the drug manufacturer’s duty to warn rendered inapplicable where evidence establishes that the plaintiff’s treating physician knew of the risk?
The manufacturer of a prescription drug has a duty to warn of all potential dangers which it knows or should know (see, Baker v St. Agnes Hosp., 70 AD2d 400, 406). As a general rule, that duty is owed to the doctor as opposed to the patient; the doctor acts as an "informed intermediary” between the manufacturer and the patient (see, Wolfgruber v Upjohn Co., 72 AD2d 59, 61; Samuels v American Cyanamid Co., 130 Misc 2d 175, 181).
However, the presence or absence of warnings does not alone decide the liability of the manufacturer. As the court explained in Lindsay v Ortho Pharm. Corp. (637 F2d 87, 92 [2d Cir 1980]): "The substance of the warning required depends upon the physician involved. A warning need be given only 'where the situation calls for it.’ * * * '[N]o one needs notice of that which he already knows.’ ” In other words, even if the lack of warnings is established, the plaintiff has the additional burden of showing that this failure was a proximate cause of his injuries (see, Lindsay v Ortho Pharm. Corp., supra).
Halsey has presented evidentiary materials which in effect establish an intervening cause to the injury, i.e., the treating physician’s decision not to inform the plaintiff of what he considered a remote risk of aseptic necrosis. Dr. Rogers testified at his deposition that when he first prescribed prednisone for the plaintiff, he discussed "the more common side effects,” but did not mention the possible development of aseptic necrosis, although he was aware of that possibility.
This evidence suffices to establish that the treating physician’s decision constituted an intervening cause to the injury, *640 and the concomitant absence of proximate causation by Halsey. In opposition, the plaintiff failed to offer any evidentiary materials to defeat this showing or to demonstrate the existence of a question of fact on this issue of proximate causation (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067).
Accordingly, Halsey’s motion for summary judgment is granted, and its motion to strike the certificate of readiness is denied.