■ ROBERT POSSES et al., Appellants, v S. ALEXANDER Co., INC., et al., Respondents. (And Two Third-Party Actions.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Williams, J.), dated November 13, 1987, which upon granting the separate motions of the defendants Richard K. Gregory, S. Alexander Co., Inc., and John Keegan for summary judgment, dismissed the complaint as against them.

Ordered that the order and judgment (one paper) is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Robert Posses was allegedly injured at his place of employment when he was struck by a falling overhead garage door. The cause of action in the complaint against the defendants S. Alexander Co., Inc. (hereinafter Alexander) and John Keegan is based upon the claim that the overhead door was caused to fall because it had been struck by the top of a tractor trailer owned by Alexander and operated by Keegan as the vehicle was leaving the garage bay of the premises where the injured plaintiff was employed. However, the pretrial depositions of both Keegan and the injured plaintiff clearly negate any claim that the vehicle being driven by Keegan came into contact with the overhead door as the vehicle was leaving the garage bay. The plaintiffs have failed to tender, in admissible form, any other proof that Keegan's vehicle struck the overhead door and they offered no "excuse for [their] failure to meet the strict requirement of tender in admissible form" of evidentiary proof *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068). Accordingly, dismissal of the complaint as against the defendants Alexander and Keegan was appropriate.

Further, as to the plaintiffs' cause of action against the defendant Richard K. Gregory, who was the managing agent of the premises at the time of the accident, there is no claim that absent contact by the Keegan vehicle with the overhead door, Gregory's alleged negligent acts otherwise were a proximate cause of the accident. Therefore, dismissal of the complaint as against the defendant Gregory is also warranted.

In light of our determination, we need not reach the other contentions raised by the plaintiffs. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.