■ RODOLITZ ORGANIZATION, Appellant-Respondent, v SECONDARY MORTGAGE RESOURCES, INC., Respondent-Appellant, and MORRIS SCHACTMAN, Respondent. (And a Third-Party Action.)—In an action to recover a real estate brokerage commission and for the imposition of penalties pursuant to Real Property Law article 12-A, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated October 23, 1989, as denied that branch of its motion which was for summary judgment against the defendant Morris Schactman and granted the defendant Schactman's cross motion for summary judgment dismissing the complaint insofar as asserted against him and (2) from so much of a judgment of the same court, entered December 19, 1989, as dismissed the complaint insofar as asserted against the defendant Schactman. The defendant Secondary Mortgage Resources, Inc., cross-appeals, as limited by its notice of appeal and brief, from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment against it and from so much of the judgment as is in favor of the plaintiff and against it in the principal amount of $322,500 and in the penal amount of $7,500.

Ordered that the appeal and cross appeal from the order are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal and cross appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (CPLR 5501 [a] [1]).

The defendant Secondary Mortgage Resources, Inc. (hereinafter Secondary), was hired in April 1987 by the plaintiff to assist in obtaining a loan to be secured by a mortgage on a parcel of commercial real estate owned by the plaintiff. As a result of this agreement the plaintiff received approximately $31,500,000 in financing from Prudential Insurance Company,

for which the plaintiff paid Secondary a brokerage commission of $315,000. Sometime thereafter, the plaintiff became aware that Secondary did not possess a real estate broker's license at the time of the agreement or when the financing was obtained, and brought this action pursuant to Real Property Law § 442-e (3) against Secondary and Morris Schactman, who signed the agreement on Secondary's behalf, to recover the commission paid plus penalties.

We find that the Supreme Court properly awarded summary judgment in favor of the plaintiff against Secondary. The services rendered clearly fell within the definition of those performed by a real estate broker (see, Real Property Law § 440 [1]). Furthermore, Secondary was not licensed at the time those services were performed and, thus, was required to relinquish any commission earned (see, Real Property Law §§ 440-a, 442-e [3]). Secondary failed to demonstrate that there are any material issues of fact requiring a trial (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065; CPLR 3212 [b]).

The Supreme Court was also correct in dismissing the complaint insofar as it is asserted against Schactman, who merely signed the agreement in his corporate capacity, and did not hold himself out as a party who would perform thereunder (see, Real Property Law § 440-a). Moreover, there is no indication that Schactman received any portion of the commission paid and, therefore, he is not an offender from whom a penalty is recoverable within the intendment of the statute (see, Real Property Law § 442-e [3]). Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.