■ DIANNE KUZYNS, Respondent, v CITY OF NEW YORK et al., Defendants, and MEVLIN CONTRACTING COMPANY, Appellant. [594 NYS2d 32] —Judgment of the Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about November 1, 1991, which denied defendant Mevlin Contracting Company's motion for summary judgment, unanimously reversed, on the law, and the motion granted, without costs. The Clerk is directed to enter judgment in favor of defendant Mevlin Contracting Company, dismissing and severing the complaint as to it.

Plaintiff sustained personal injuries when her sweater caught on bolts protruding from the supporting jacks of a shed covering the sidewalk on which she was walking. The sidewalk shed had been erected by defendant York to protect pedestrians from painting work that was being performed by defendant Mevlin on a building owned and operated by defendant Melohn Properties. Plaintiff asserts that the pathway under the scaffolding supporting the sidewalk shed was obstructed by a substantial amount of garbage and that, as she attempted to guide her bicycle through the narrowed path, the handlebars caught on one of the jacks and her sweater snagged on one of the bolts, causing her to fall. Defendant Mevlin moved for summary judgment on the ground that its employees did not deposit any garbage on the pathway.

To prevail on a motion for summary judgment, it is well settled that the moving party must establish his defense " ' "sufficiently to warrant the court as a matter of law in directing judgment" in his favor' " *(Zuckerman v City of New York,* 49 NY2d 557, 562, quoting *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067, quoting CPLR 3212 [b]), and that to defeat a summary judgment motion, " 'the opposing party must "show facts sufficient to require a trial of any issue of fact" ' " *(supra,* at 562). The party in opposition either must produce "evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" *(supra,* at 562).

Defendant Mevlin has met its burden of proof. In his deposition testimony, one of its supervisors stated that all

debris created by Mevlin was placed in containers in a rear alley and transported away daily. The deposition testimony given by defendant York's vice-president indicates that no alteration was made to the scaffolding and no defect in its condition was reported. Finally, the supervisor of the building owned by defendant Melohn Properties testified that the refuse in front of the building did not contain garbage generated as a result of the work being performed by Mevlin.

Plaintiff, by contrast, offered no evidentiary proof in opposition to Mevlin's motion for summary judgment. Plaintiff's counsel merely hypothesized that a causal link to Mevlin might exist. The basis of counsel's speculation is the testimony of Mevlin's president to the effect that its workers used a ladder placed against the sidewalk bridge in order to climb onto it and obtain access to a motorized scaffold suspended from the roof of the building. However, no evidence was submitted that any alteration to the sidewalk bridge was made by Mevlin or that its use of the bridge was negligent. In fact, defendant York's vice-president testified that no defects or alterations were discovered upon dismantling the bridge. This evidence negates any causal link between Mevlin's actions and plaintiff's accident, demonstrating a prima facie right to summary judgment *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067, *supra).* The only opposition to defendant Mevlin's motion for summary judgment is the bare affirmation of counsel, unsupported by any documentation and therefore lacking in probative value *(Zuckerman v City of New York, supra,* at 563). Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.