■ BALDWIN & CORNELIUS, P. C., Appellant, v FORESTON DEVELOPMENT CORPORATION, Respondent. [595 NYS2d 828] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated May 9, 1990, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

It is axiomatic that to obtain summary judgment " 'it is necessary that the movant establish [its] cause of action or defense "sufficiently to warrant the court as a matter of law in directing judgment" in [its] favor (CPLR 3212, subd [b])' " *(Zuckerman v City of New York,* 49 NY2d 557, 562, quoting *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). In the instant case, the defendant, a real estate developer, disputes its liability under a contract for engineer-

ing consulting services on the ground that the plaintiff's services were rendered after the defendant had divested itself of title to the project. However, the defendant has not proffered evidence sufficient for this Court to determine as a matter of law that a valid assignment of the contract was effected which concomitantly delegated to the new developer its duty to compensate under the contract. Indeed, the defendant has failed to document that it had assigned the contract at the time which it claims it did. Similarly, contrary to the Supreme Court's conclusion, the defendant has not sufficiently shown that the services for which the plaintiff seeks remuneration were beyond the scope of the parties' agreement. Thus, the Supreme Court erred in granting the defendant's motion for summary judgment. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.