■ JACQUELINE ROSSOTO, Respondent, v DINESH VADHER, Respondent, and COMMUNITY CLINICAL LABORATORIES, INC., Ap-

pellant, et al., Defendants. [633 NYS2d 44] —In a negligence action to recover damages for personal injuries, the defendant Community Clinical Laboratories, Inc., appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated April 21, 1994, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant Community Clinical Laboratories, Inc., and the action against the remaining defendants is severed.

The plaintiff alleged that an accident in her employer's laboratory in December 1988, in which a test tube containing a herpes culture broke and spattered onto her face and into her left eye, caused her to contract herpes simplex keratitis in her eye. The appellant Community Clinical Laboratories, Inc. (hereinafter Community), submitted affidavits and letters from two ophthalmologists that clearly showed the plaintiff was afflicted with herpes simplex keratitis in her left eye as early as June 1988, about seven months before the accident that allegedly caused her injury. With this evidence, Community met its burden of demonstrating prima facie entitlement to summary judgment in the first instance. In rebuttal, the plaintiff failed to offer any evidence that raised a material issue of fact, and the court thus erred in denying Community's motion (*see, e.g., Alvarez v Prospect Hosp.*, 68 NY2d 320; *Zuckerman v City of New York*, 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068).

Under the circumstances, the plaintiff's related claim that her injuries were proximately caused by Community's negligence in miswrapping, misaddressing, and misdelivering the test tube to her employer, rather than to its rightful recipient, is without merit. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.