■ ISRAEL SCHORR et al., Respondents, v TOWN OF RAMAPO, Appellant, et al., Defendants. [637 NYS2d 23] —In a negligence action to recover damages for personal injuries, the defendant Town of Ramapo appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated September 20, 1994, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Town of Ramapo for summary judgment is granted, the complaint is dismissed insofar as asserted against it, and the action against the remaining defendants is severed.

In support of its motion for summary judgment, the defendant Town of Ramapo submitted "evidentiary proof in admissible form" (see, Zuckerman v City of New York, 49 NY2d 557, 562), i.e., an affidavit from a professional engineer with particular expertise in the area of traffic safety, which warranted " 'the court as a matter of law in directing judgment' in [its] favor" (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068).

Further, it is undisputed that the "Traffic Study" upon which the plaintiffs relied in opposition to the Town's motion had, in fact, been conducted more than 10 years earlier, and the defects cited therein were rectified long before the occurrence of the subject accident. Accordingly, the plaintiffs failed to raise a triable issue of fact (see, Zuckerman v City of New York, supra). Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.