■ Heil Grinding & Manufacturing Co., Inc., Respondent, v Glasgow, Inc., Appellant. [653 NYS2d 749] —Order and judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court erred in granting that part of plaintiff's motion for summary judgment dismissing defendant's counterclaim for late payment charges pursuant to a lease/option agreement between the parties and denying that part of defendant's cross motion for summary judgment seeking such charges. The lease unambiguously requires that rental payments were to be paid on the first day of each month or they would be subject to late charges. Defendant met its burden of showing its entitlement to summary

judgment by submission of plaintiff's rental checks and a check ledger, which show that all lease payments by plaintiff were late. Plaintiff failed to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *see, Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiff's contention that the parties were mistaken regarding the payment date is without support in the record. Although defendant's acceptance of plaintiff's late payments constitutes some evidence that the parties may not have intended payments to commence on the first of each month, the lease provides that it may not be modified unless such modification is in writing and executed by an executive officer of defendant (*see,* General Obligations Law § 15-301 [1]).

The court properly granted that part of plaintiff's motion for summary judgment seeking reimbursement for the seven lease payments that it made after it had exercised its option to purchase the equipment but before the actual sale was consummated. The lease gave plaintiff the option of purchasing the leased equipment by payment in cash of an amount equalling 50% of the fair market value of the equipment within 60 days after exercise of the option. Although the lease is silent concerning plaintiff's obligation to continue making payments after the expiration of the 60-day period, defendant is not entitled to payments after that period. The sale was delayed substantially beyond the 60 days because of defendant's improper insistence upon valuing the equipment as the "fair market value in use and in place" rather than "fair market value," as provided by the lease. Thus, defendant breached the lease by insisting upon a standard of valuation that was not provided for in the lease and such breach caused the bargaining impasse that resulted in delay of the sale for a period substantially beyond 60 days. Defendant may not profit from its own delay (*see, Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 348). Defendant's contention that plaintiff will be unjustly enriched by its use of the equipment without payment during the bargaining impasse of over five years is without merit. The purchase price of the equipment was based upon its fair market value at the time of the expiration of the lease in 1990, but by the time plaintiff finally obtained title the equipment had considerably depreciated in value. Such depreciation offset plaintiff's obligation to make the lease payments.

The court also properly granted that part of plaintiff's motion for summary judgment dismissing defendant's counterclaim for the return of three machines in plaintiff's possession. According to defendant, the machines were leased to plaintiff

under an oral lease. Plaintiff met its burden of showing its entitlement to summary judgment by submitting various documents, including bills of sales, purchase offers and letters between the parties, confirming that plaintiff had purchased the three machines. Defendant failed to raise a triable issue of fact in response (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068).

We therefore modify the order and judgment by vacating the first three decretal paragraphs and granting judgment in favor of defendant on its first counterclaim for $27,000 in late fees, plus interest at the statutory rate (*see*, CPLR 5004) commencing November 1, 1990. (Appeal from Order and Judgment of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.