■ MICHAEL SULLIVAN et al., Respondents, v CITIBANK, N.A., Appellant, et al., Defendant. [761 NYS2d 844] —In an action, inter alia, to recover damages for conversion, etc., the defendant Citibank, N.A., appeals from so much of an order of the Supreme Court, Queens County (Polizzi, J.), entered July 25, 2002, as denied, in part, its motion for summary judgment dismissing the complaint insofar as asserted against it and granted, in part, the plaintiffs' motion for summary judgment dismissing its affirmative defenses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion for summary judgment is granted in its entirety, the plaintiffs' motion is denied in its entirety, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

This Court has recognized the "clear intent" evidenced by the drafters of UCC 3-419 (3) "to absolve depositary or collecting banks from direct liability to payees except under certain limited circumstances, despite public policy arguments which suggest that the statute should be applied in a manner contrary to its clear intent" (*Moore v Richmond Hill Sav. Bank,* 117 AD2d 27, 37 [1986]). Here, the depositary bank, the defendant Citibank, N.A. (hereinafter Citibank), met its burden of establishing its entitlement to summary judgment pursuant to UCC 3-419 (3) by submitting a detailed, comprehensive, expert affidavit concluding that its procedures in processing the stolen checks comported with reasonable commercial standards regarding the processing of checks deposited in automated banking machines. In opposition, the plaintiffs failed to establish the existence of a triable issue of fact. Accordingly, the Supreme Court should have granted Citibank's motion for sum-

mary judgment dismissing the complaint insofar as asserted against it in its entirety (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]).

In light of our determination, Citibank's remaining contentions are academic. Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.