| Estate of Robinson |
|:---:|
| 2024 NY Slip Op 34584(U) |
| December 27, 2024 |
| Surrogate's Court, Bronx County |
| Docket Number: File No. 2022-902 |
| Judge: Nelida Malave-Gonzalez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

ESTATE OF SYLVIA ROBINSON, Deceased
File No.: 2022-902

In this proceeding, a daughter of the decedent ("Petitioner") seeks letters of administration. Objections to her application have been filed by one of the decedent's sons ("Objectant"). Petitioner now moves for summary judgment dismissing those objections and appointing her the estate's administrator.

The court considered the following papers in connection with the motion: Petitioner's "Notice of Motion for Summary Judgment," dated October 22, 2024; the Affidavit of Claudette Robinson, sworn to on October 21, 2024; the Affirmation of James L. Marmon, Esq., and its attached exhibits; the Affidavit of Ray Brown, sworn to on November 13, 2024, and its attached exhibits; and the Affirmation of James L. Marmon, Esq., dated November 15, 2024.

## BACKGROUND

The decedent died intestate on August 5, 2021 at the age of 85, survived by Petitioner, Objectant and two other children. The principal asset of the decedent's estate is a multifamily house located in the Bronx (the "Realty"), which is apparently in a dilapidated condition. By all accounts, the decedent's estate is illiquid.

Jurisdiction is complete in this proceeding. Petitioner and Objectant are the only parties that have appeared. On March 21, 2024, Objectant filed his verified objections (the "Objections"), opposing Petitioner's application for letters of administration, alleging that: (i) he was "assigned" by the decedent to manage the Realty, and as a "small

contractor" he is qualified to put the property in a state of good repair so its four apartments can generate rental income; (ii) Petitioner is untrustworthy, failing to pay for the decedent's funeral notwithstanding the decedent had given her money for doing so, and mishandling a check received from Allstate Insurance Company (the "Allstate Check") for flood damage incurred at the Realty; and (iii) the decedent did not want the Realty to be sold.

There have been multiple settlement conferences and a court-ordered mediation, none of which have resolved the parties' issues. Discovery having been waived, Petitioner now moves for summary judgment granting the relief sought in her petition.

## THE SUMMARY JUDGMENT MOTION

### *Petitioner's Arguments*

In her motion, Petitioner alleges that the estate's only asset is the Realty, and there is no money available in the estate to pay the property's carrying costs. Further, according to Petitioner, the Realty is uninsured and she has been paying its property taxes from her personal funds to avoid foreclosure. Petitioner points out that there are no funds to pay for any repairs to the Realty, and Objectant has worsened the situation by moving into the Realty and blocking a garage on the property that had been rented out, thereby eliminating the estate's only source of income.

As for the Objections, Petitioner contends the decedent's purported desire for the Realty to remain unsold and managed by the Objectant are unsubstantiated and, even if true, would not be binding now. Responding to the Objectant's charge that she is untrustworthy, Petitioner denies that she ever misappropriated any estate funds for her personal use and submits that Objectant has not provided any proof to the contrary.

2

With respect to the Allstate Check, Petitioner states that it was returned to its issuer because she had no authority to cash or deposit it.

*Objectant's Arguments*

Objectant concedes that the Allstate Check was mistakenly made out to the decedent, and that it had been returned to the insurer. He insists, however, that if Petitioner had given him the check he could have had it replaced and used its proceeds to make repairs to the Realty. With these repairs, Petitioner alleges, the property could quickly begin generating rental income of up to $120,000 per year. Additionally, Objectant avers that the Realty would be more valuable to the distributees if it is repaired rather than sold "as is" to a developer. Finally, Objectant stresses that Petitioner has shown herself to be untrustworthy because she received money from the decedent to pay for her funeral expenses but instead used those funds to pay the Realty's property taxes.

**DISCUSSION**

Summary judgment allows a party to demonstrate that no material issue of fact requires a trial and that judgment may be directed in its favor as a matter of law. (*Brill v City of New York*, 2 NY3d 648, 651 [2004].) To obtain summary judgment, the movant must "establish his cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in his favor" by "evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1066 [1979]) (internal citations and quotation marks omitted). Once this *prima facie* case is established, an opponent may only defeat the summary judgment motion by producing its own

3

"evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Here, Petitioner's moving papers make out a *prima facie* showing that she is eligible to receive letters of administration under SCPA 707 (1). As such, it is Objectant's burden to establish, with proof in evidentiary form, a material issue of fact regarding Petitioner's qualification to serve as a fiduciary. Objectant, however, fails in this regard. His bare claim that the decedent did not want the Realty sold lacks any evidentiary foundation, and even if true it would be irrelevant to the determination of Petitioner's fitness to serve as a fiduciary. Objectant's allegations that the Realty would provide a greater return to the estate's distributees if it was repaired and rented, rather than sold to a developer, are not only unsubstantiated and speculative but they also ignore that the estate is illiquid, without funds to pay for repairs. In sum, the parties' difference of opinion regarding the best approach to maximizing the Realty's value is not a valid basis for denying Petitioner's application for letters.

Likewise, Objectant's argument that Petitioner is "untrustworthy" is unsupported by the record presented. The record is bereft of any admissible proof that Petitioner has a history of dishonesty in money matters, nor has Objectant provided a basis for the court to find that the estate's assets would be unsafe in her hands, especially since any letters issued would contain an SCPA 805(3) restriction on the transfer of the Realty, and a sale of the property would be subject to Petitioner posting a surety bond.

The court notes that Objectant has not cross-petitioned for letters, so it is unclear if he wishes to serve as the estate's administrator. What is certain is that the estate's principal asset is in danger and needs to be protected, and an administrator needs to be

4

appointed expeditiously. Petitioner has established, as a matter of law, that she is eligible to receive letters. Objectant, the only distributee opposing her application, has failed to provide a basis conducting a hearing regarding her qualification to serve or further delaying Petitioner's appointment. Therefore, the court must grant Petitioner's summary judgment motion in its entirety and dismiss the Objections.

## CONCLUSION

Based on the foregoing, Petitioner has established her entitlement to summary judgment granting the relief sought in her motion. Accordingly, it is hereby:

ORDERED, that Petitioner's motion for summary judgment is granted in its entirety; and it further

ORDERED, that the Objections filed in this proceeding are dismissed, with prejudice; and it is further

ORDERED, that letters of administration, subject to an SCPA 805 (3) restriction regarding the estate's sale of real property, shall issue to Petitioner upon her duly qualifying for same.

This decision constitutes the order of the court.

Settle decree.

HON. NELIDA MALAVÉ-GONZALEZ,
SURROGATE

5