■ LAURA R. WILDER et al., Respondents, v RENSSELAER POLYTECHNIC INSTITUTE et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (White, J.), entered November 29, 1990 in Fulton County, which denied defendants' motion for summary judgment dismissing the complaint.

On March 27, 1986, plaintiff Laura R. Wilder (hereinafter plaintiff) attended a performance of defendant Ice Capades, Inc. at facilities owned by defendant Rensselaer Polytechnic Institute (hereinafter RPI) in the City of Troy, Rensselaer County. Upon conclusion of the show, plaintiff slipped and fell as she exited the building, allegedly as a result of inadequate lighting along a walkway immediately outside. Plaintiff also claims that defendants failed to provide a safe and proper exit from the building and failed to warn of a dangerous condition they knew or should have known about. The injuries sustained by plaintiff prompted the commencement of this personal injury action. After issue was joined and discovery was completed, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal by defendants followed.

We affirm. To prevail on a summary judgment motion, it is incumbent upon the moving party to tender evidentiary proof in admissible form which shows that the cause of action has no merit and thereby justifies the direction of summary judgment in the movant's favor (CPLR 3212 [b]; *see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967). Only when this initial requirement is met must the opposing party then submit proof in admissible form sufficient to create a question of fact requiring a trial *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Here, in support of their motion, defendants submitted, *inter alia*, the pleadings, an attorney's affidavit not based upon first-hand knowledge, plaintiffs' bill of particulars and transcript excerpts from plaintiff's examination before trial. From plaintiff's deposition testimony, defendants cite passages where she states that the lighting outside the building where she fell was not "great" and she could not see where she fell because it was too dark. Plaintiff also stated at one point, however, that when she was exiting she was not looking at the ground but rather was looking for the bus. Although defendants claim that this highly equivocal testimony renders the question of lighting irrelevant and entitles them to summary judgment as a matter of law, we share Supreme Court's skepticism on this point.

While some of the material pointed out by defendants might ultimately establish that plaintiff was guilty of some "comparative" negligence, defendants have clearly not met their initial burden on a summary judgment motion of establishing no underlying merit to plaintiff's claims which would justify granting judgment as a matter of law. Rather than establishing defendants' arguments, the testimony cited by defendants shows that there are still many factual questions concerning whether defendants breached their duty to provide a safe and adequately lighted means of egress *(see, Kurth v Wallkill Assocs.,* 132 AD2d 529, 530). Because defendants' proof did not conclusively show that they were free from negligence, the burden did not shift to plaintiffs to come forward with their proof *(see,* CPLR 3212 [b]). As summary judgment will not be granted where arguable questions of fact exist *(see, Munzer v St. Paul Fire & Mar. Ins. Co.,* 145 AD2d 193, 197), Supreme Court properly denied defendants' motion.

Defendants' remaining contentions have been examined and have been found to be unpersuasive.

Casey, J. P., Weiss, Mikoll and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.