■ EDWARD GRAY et al., Appellants, v NAVISTAR INTERNATIONAL CORPORATION, Formerly Known as NAVISTAR HOLDING, INC., Formerly Known as IH INTERNATIONAL, INC., Respondent. [630 NYS2d 596] —Spain, J. Appeal from an order of the Supreme

Court (Dier, J.), entered April 15, 1994 in Washington County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Edward Gray, while working as a flagperson for the Washington County Highway Department, was severely injured when a dump truck backed over him. Defendant, formerly known as IH International, Inc. (hereinafter IH), manufactured the cab and chassis of the truck. The chassis-cab was shipped to Delurey Sales and Services, Inc., an independent dealer, which attached the body of the truck and sold the completed vehicle to Gray's employer. Gray, and his wife derivatively, allege, *inter alia*, that defendant by its predecessor in interest, IH, negligently produced an unsafe vehicle by failing to equip the truck with a back-up beeper warning device and that the chassis-cab was improperly and defectively designed. Defendant in its answer raised the affirmative defense that the third party which had substantially altered the vehicle was liable for any defects. Defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs appeal.

We affirm. It is well settled that modifications to a product by a third party which render an otherwise safe product defective are not the responsibility of the original manufacturer (*see, Robinson v Reed-Prentice*, 49 NY2d 471, 479). In *Paul v Ford Motor Co.* (200 AD2d 724, *lv denied* 83 NY2d 757), Ford Motor Company, the original manufacturer, sold the chassis-cab of a truck to a company which modified the incomplete vehicle into an aircraft service truck and sold it to an airline. The plaintiff, an airline employee, was injured when the truck, which was not equipped with an audible back-up alarm, struck him as it was being operated in reverse. The Second Department upheld the dismissal of the claim against Ford, ruling that it could not be held liable for an alleged defect arising from a third party's conversion of the chassis-cab after it left Ford's control because "Ford did not know the intended purpose of its chassis-cab and such safety devices were not standard features customarily provided within the industry on incomplete vehicles" (*supra*, at 725).

Here, defendant made a prima facie showing of its entitlement to summary judgment (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Zuckerman v City of New York*, 49 NY2d 557, 562) by tendering proof through an affidavit of one of its staff engineers that it was not its obligation to place a back-up alarm on the unfinished vehicle according to trade custom, nor was there a rule, regulation or statute which

required defendant to do so. In support of its motion, defendant also established that the chassis-cab was delivered in an unfinished condition to Delurey, which then completed the vehicle by adding the dump truck body and, further, that defendant did not know the intended use of the chassis-cab. The burden thus shifted to plaintiffs to come forward with evidentiary proof in admissible form sufficient to establish questions of fact to require a trial (*see, Wilder v Rensselaer Polytechnic Inst.*, 175 AD2d 534).

Plaintiffs, in opposition to the motion, submitted the affidavits of two engineers who averred that (1) the vehicle distributed by defendant should have been equipped with a back-up alarm at the time it left defendant's factory, (2) failure to do so constituted a violation of Occupational Safety and Health Administration (hereinafter OSHA) regulations 29 CFR 1926.601 and 1926.602, (3) that the purpose of a back-up alarm for vehicles such as dump trucks, where the rear view of the driver is obstructed by the body, is to alert persons such as Gray, and (4) defendant's promotional literature demonstrates that the chassis-cab is suitable for use both as a dump truck and a cement truck. Although plaintiffs' experts state that defendant violated good and sound practices in the industry, defendant's staff engineer clearly and logically established that it is the practice in the industry that the final stage manufacturer is the party who customarily installs accessories such as back-up alarms because that party knows the vehicle's ultimate intended use (*see, Paul v Ford Motor Co., supra*, at 725). Furthermore, the OSHA regulations cited by plaintiffs' experts state that no employer shall use a motor vehicle which has an obstructed rear view unless it is equipped with a back-up alarm or unless the driver is aided by an observer signaling that it is safe to back up (*see*, 29 CFR 1926.601 [b] [4] [i], [ii]), and that no employer shall permit off-highway trucks which have an obstructed rear view to operate without an alarm or an observer (*see*, 29 CFR 1926.602 [a] [9]). Neither of these regulations applies to the facts in this case since defendant was not Gray's employer and the unfinished chassis-cab did not have an obstructed rear view when shipped to Delurey.

Plaintiffs' contention that defendant should have known, because of the chassis-cab's heavy-duty design, that the completed vehicle would have an obstructed rear view is without merit. There is no evidence that the chassis-cab in question was only suited for truck bodies which obstruct the operator's rear view, nor is there any evidence that defendant knew of the intended use of the chassis-cab.

We have considered plaintiffs' remaining contentions and find them to be without merit. We conclude that plaintiffs have failed to demonstrate the existence of material issues of fact which require a trial.

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.