■ JOSE MORALES, SR., Appellant, v WILLIAM LIA, Respondent. (And Another Related Action.) [656 NYS2d 458] —Spain, J. Appeal from an order of the Supreme Court (Harris, J.), entered June 5, 1996 in Albany County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint in action No. 2.

On December 14, 1990, plaintiff was struck and seriously injured by a vehicle owned by defendant Stephen J. Haimowitz and operated by defendant Ann F. Gainer. The accident occurred on a roadway within a shopping mall which is located in the Town of Guilderland, Albany County; on the date of the accident the mall was owned by defendant William Lia. At an examination before trial Gainer testified that she was blinded by the sun after she turned from south to east near a restaurant located in the mall and struck plaintiff, who was apparently walking in the roadway some 75 feet from the turn; Gainer also testified that, at the time she struck plaintiff, she was proceeding at 10 to 15 miles per hour.

Plaintiff commenced action No. 1 against Haimowitz and Gainer alleging negligence. Plaintiff commenced action No. 2 against Lia alleging that, as the owner of the premises, Lia negligently failed to provide for appropriate safe travel for pedestrians in plaintiff's situation. After joinder of issue and discovery, plaintiff filed a note of issue. Thereafter, Lia moved for summary judgment in action No. 2. Plaintiff cross-moved to strike his own trial term note of issue and to amend his bill of particulars to add allegations of violations of certain local laws and State regulations. Supreme Court denied the cross motion, citing plaintiff's failure to establish a sufficient basis for failing to previously articulate statutory violations especially in light of Lia's prior demands. In granting summary judgment to Lia, Supreme Court further concluded, *inter alia*, that Gainer's operation of the vehicle while unable to see plaintiff because of the sun was the sole cause of the accident and that there was no evidence to suggest that Lia was responsible for the acts of

the other parties, or that changes to the pavement markings would have prevented the accident. Plaintiff appeals.

Initially, we reject plaintiff's contention that Supreme Court erred by refusing to vacate the note of issue and in refusing to grant plaintiff permission to amend his bill of particulars; 22 NYCRR 202.21 (e) requires that good cause be shown when a party seeks to vacate a note of issue which has been filed, as here, for more than 20 days. Plaintiff's assertion that he set forth good cause by demonstrating a compelling basis to amend his bill of particulars is without merit. Notably, in response to Lia's demand to set forth in his bill of particulars any alleged violations of statutes or regulations, plaintiff responded with allegations directed only at Gainer.

Plaintiff offered no excuse or good cause for the late engagement of an expert, and his attempt to do so for the first time upon this appeal is too late (see, Matter of Puff v Jorling, 188 AD2d 977, 981). In our view, plaintiff failed to provide a reasonable basis upon which Supreme Court could exercise its discretion in his favor (see, Schwab v Russell, 231 AD2d 820; Volpe v Good Samaritan Hosp., 213 AD2d 398). Moreover, as Supreme Court observed, plaintiff, while broadly alleging violations as set forth in his expert's affidavit, does not link these generally stated violations to a specific violation of a specific law or regulation impacting this matter, much less one linked to the cause of the accident. Clearly, plaintiff failed to establish merit to his application (see, Carranza v Brooklyn Union Gas Co., 233 AD2d 287; Wise v Greenwald, 194 AD2d 850, 851; Reynolds v Towne Corp., 132 AD2d 952, lv denied 70 NY2d 613).

Next, we reject plaintiff's contention that Lia failed to maintain his property in a reasonably safe condition, thereby raising an issue of fact regarding the proximate cause of the accident. In our view, Lia established a prima facie entitlement to summary judgment (see, Gray v Navistar Intl. Corp., 218 AD2d 904, 905; Wilder v Rensselaer Polytechnic Inst., 175 AD2d 534). Gainer's testimony indicated that she continued to drive the vehicle, albeit slowly, for 75 feet despite being blinded by the sun while looking for a parking space, that she did not see plaintiff who was walking in the roadway until she struck him, and that she failed to apply her brakes until after striking him. In response to the motion for summary judgment, plaintiff contends that an array of controls, devices, markings and signs which are available to control and direct traffic, vehicle and pedestrian, would have made the property, as a whole, generally safer. While that argument may generally have

merit, it is significant that plaintiff's expert failed to link the suggested enhancements in a specific manner to the accident site and the circumstances of this accident.

In view of the evidentiary showing made by Lia, it was incumbent upon plaintiff to make an evidentiary showing by assembling and laying bare affirmative proof to establish that his allegations are real and capable of being established upon a trial (*see*, *Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916). In our view, plaintiff's opposition does not rise beyond the level of surmise and speculation (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 562). Lia's premises merely furnished the condition or occasion for the occurrence of the accident rather than being one of the causes of the accident (*see*, *Sheehan v City of New York*, 40 NY2d 496, 503; *Button v Rainbow Prods. & Servs.*, 234 AD2d 664; *Masone v Westchester County*, 229 AD2d 657).

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.