■ SAUL C. SKOLNICK et al., Respondents, v TOWN OF HEMPSTEAD et al., Appellants. [718 NYS2d 81] —In an action to recover damages for personal injuries, etc., the defendants appeal from an interlocutory judgment of the Supreme Court, Nassau County (DeMaro, J.), dated January 20, 2000, which, upon a jury verdict finding the defendant James Zaffarese 45% at fault and the plaintiff Saul C. Skolnick 55% at fault in the happening of the accident, is in favor of the plaintiffs and against them on the issue of liability.

Ordered that the interlocutory judgment is reversed, and a new trial is granted, with costs to abide the event.

The plaintiff Saul C. Skolnick allegedly was injured when

the vehicle he was driving hit a Town of Hempstead truck driven by the defendant James Zaffarese while the truck was traveling the wrong way on Mulberry Lane, a one-way street in West Hempstead. Zaffarese had just cleaned the three storm drains at the intersection of Chestnut Street and Mulberry Lane. Zaffarese testified that his supervisor had previously directed him to turn on "the flashers, signals, and so forth" on his truck when traveling in the opposite direction on one-way streets, and that he had done so before the accident.

In *Riley v County of Broome* ( 95 NY2d 455), the Court of Appeals held that Vehicle and Traffic Law § 1103 (b) excuses all vehicles, regardless of their classification, from the rules of the road when "actually engaged in work on a highway." Since Zaffarese's truck was "actually engaged in work on a highway" at the time of the accident, the plaintiffs must show that he acted with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]), i.e., in conscious disregard of a " 'known or obvious risk that was so great as to make it highly probable that harm would follow' " (*Saarinen v Kerr,* 84 NY2d 494, 501). Since the Supreme Court erred in refusing to charge the reckless disregard standard of care as provided for in Vehicle and Traffic Law § 1103 (b), a new trial is granted. Bracken, J. P., Thompson, Sullivan and McGinity, JJ., concur.