■ SHARON A. SEGA et al., Respondents, v CLAYTON O. RYDER, Defendant and Third-Party Plaintiff-Respondent. GRANT BUNZY et al., Third-Party Defendants-Appellants. [731

NYS2d 282] —Carpinello, J. Appeal from an order of the Supreme Court (Lamont, J.), entered June 23, 2000 in Schoharie County, which denied third-party defendants' motion for summary judgment dismissing the third-party complaint.

On the morning of January 31, 1994, while stopped on State Route 7 in the Town of Richmondville, Schoharie County, waiting for completion of ice removal and salting work by the Department of Transportation (hereinafter DOT), plaintiff Sharon A. Sega (hereinafter plaintiff) was struck from behind by defendant. It is undisputed that defendant did not see plaintiff's vehicle prior to the impact because his view was completely obstructed by a frozen windshield. Specifically, according to defendant's testimony at an examination before trial, as he turned onto Route 7 a mere tenth of a mile from the accident site, he attempted to clear frost from his windshield by spraying wiper fluid on it. The wiper fluid immediately froze on the windshield (the temperature that morning being around or below zero), totally obscuring his view.

Plaintiffs thereafter commenced this negligence action against defendant who, in turn, impleaded third-party defendants, the DOT workers engaged in the ice removal and salting project that morning.* Defendant's theory of liability in the third-party action is rather nebulous, the complaint merely stating that each third-party defendant "created, maintained and allowed a dangerous and hazardous condition to exist on the roadway that was being cleared of ice and/or snow." The essence of the claim appears to be that third-party defendants acted negligently during the ice and sanding operation by failing to post warning signs or workers with flags on Route 7 sufficiently in advance of the work site to alert motorists to the work being performed on the highway. At issue on appeal is the denial of summary judgment to third-party defendants. Upon our review of the record, we conclude that the motion should have been granted; accordingly, we reverse.

To the extent that defendant is implicating conduct of DOT personnel in the course of highway maintenance, there being no dispute that third-party defendants were indeed engaged in an ice removal and salting operation at the time of the accident, it appears that their actions would not be governed under ordinary negligence principles, but rather they would be subject to a reckless disregard standard of review (*see*, Vehicle and Traffic Law § 1103 [b]; *see also*, *Riley v County of Broome*, 95 NY2d 455). In any event, the applicable standard of care is

---

* Plaintiffs unsuccessfully attempted to commence a direct action against the State (*Sega v State of New York*, 246 AD2d 753, *lv denied* 92 NY2d 805).

irrelevant under the particular facts of this case as the record unequivocally demonstrates that defendant's conduct was the sole proximate cause of the collision.

We note first that certain third-party defendants testified that they were not required to use signs or flag people during their work that day, which was described as a "moving operation." No competent evidence was presented in opposition to the summary judgment motion to refute this testimony, that is, no evidence was presented to establish that any given regulatory or statutory provision mandated that warning signs and/or flag persons be utilized during the subject ice removal and salting operation. In any event, even assuming that third-party defendants should have utilized such resources that morning, a prima facie showing was made by them that the failure to do so was not a proximate cause of the accident (*see, Morales v Lia*, 238 AD2d 786; *see also, Long v Cleary*, 273 AD2d 799, *lv denied* 95 NY2d 763; *Pizzaro v City of New York*, 188 AD2d 591, *lv denied* 82 NY2d 656).

"[I]t is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the second vehicle" (*Johnson v Phillips*, 261 AD2d 269, 271; *see, Filippazzo v Santiago*, 277 AD2d 419). There is no dispute that defendant rear-ended plaintiff's stopped vehicle. More importantly, it was unequivocally established that defendant could not see anything, including plaintiff's stopped vehicle, prior to the accident because he was totally blinded by the condition of his windshield (*compare, Filippazzo v Santiago, supra*; *Johnson v Phillips, supra*; *Morales v Lia, supra*). This evidence satisfied third-party defendants' initial burden of entitlement to summary judgment in that it proved that defendant's conduct, and not any alleged omission on their part, was the sole proximate cause of the accident (*see, id.*; *see also, Comolli v 81 & 13 Cortland Assocs.*, 285 AD2d 863; *Price v Hampson*, 142 AD2d 974). In opposition, no evidence, other than statements of pure speculation and surmise in attorneys' affidavits, was offered in an attempt to raise a genuine issue of fact. Summary judgment, therefore, should have been granted to third-party defendants.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to third-party defendants and third-party complaint dismissed.