■ ZANDRI CONSTRUCTION CORPORATION, Plaintiff, v PAUL F. WOLFE, Defendant. (Action No. 1.) PAUL F. WOLFE, Doing Business as HILLCREST SPRING RESIDENTIAL ADULT CARE HOME, Respondent-Appellant, v ZANDRI CONSTRUCTION CORPORATION, Appellant-Respondent. (Action No. 2.) [737 NYS2d 400] —Mugglin, J. Cross appeals from an order of the Supreme Court (Teresi, J.), entered June 22, 2001 in Albany County, which, in action No. 2, denied defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment dismissing the first and third affirmative defenses.

In March 1997, Zandri Construction Corporation entered into a contract with Paul F. Wolfe for the construction/renovation of a residential adult care home owned by Wolfe. The construction contract documents included the standard American Institute of Architects (hereinafter AIA) General Conditions of the Contract for Construction and the United States Department of Housing and Urban Development (hereinafter HUD) Lump Sum Construction Contract. The latter, by express terms, took precedence over the former if the provisions of the two contracts were in any way inconsistent. In the first of these actions, Zandri sued Wolfe to recover all sums due and owing from the work that Zandri performed pursuant to the contract, and for work not included in the contract. These claims are not at issue on this appeal.

The second of the actions was brought by Wolfe against Zandri, alleging breach of contract, breach of warranty, negligence and fraudulent misrepresentation, all arising from claims of poor workmanship and inferior materials used by Zandri in the project. Zandri's answer, inter alia, asserts affirmative defenses based on failure to state a cause of action and failure to comply with an express condition precedent to the institution of litigation. Supreme Court denied both Zandri's motion for summary judgment dismissing Wolfe's complaint and Wolfe's cross motion for summary judgment dismissing Zandri's first and third affirmative defenses. These cross appeals ensued.

The following contract provisions are relevant to this appeal. Section 4.3.2 of the AIA contract provides: "Claims, including those alleging an error or omission by the Architect, shall be referred initially to the Architect for action as provided in Paragraph 4.4. A decision by the Architect * * * shall be required as a condition precedent to arbitration or litigation of a Claim between the Contractor and Owner as to all such matters arising prior to the date final payment is due, regardless of (1) whether such matters relate to execution and progress of

the Work or (2) the extent to which the work has been completed."

With respect to the date final payment is due, article 3 (C) of the HUD contract provides:

"The balance due the Contractor hereunder shall be payable upon the expiration of 30 days after the work hereunder is fully completed, provided the following have occurred:

"(1) All work hereunder requiring inspection by municipal or other governmental authorities having jurisdiction has been inspected and approved by such authorities and by the rating or inspection organization, bureau, association or office having jurisdiction;

"(2) All certificates of occupancy, or other approvals, with respect to all units of the project have been issued by State or local governmental authorities having jurisdiction; and

"(3) Permission(s) To Occupy (Form FHA 2485) for all units of the project have been issued by the Commissioner."

The AIA contractual provision is an alternative dispute resolution mechanism which is valid, enforceable and favored as a matter of public policy (*see, Westinghouse Elec. Corp. v New York City Tr. Auth.*, 82 NY2d 47, 53-54). Nevertheless, we agree with Supreme Court's conclusion that merely alleging the existence of an alternative dispute resolution mechanism and failure to follow it does not, without more, establish a prima facie right to entitlement to judgment (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065). Absent from Zandri's evidentiary submissions is any attempt to address, let alone establish, the date when final payment was due under the contract. Without this evidence, it cannot be determined whether the condition precedent is applicable to the allegations of the complaint. Thus, Zandri failed to meet its initial burden as the proponent of a motion for summary judgment (*see, Bush v St. Clare's Hosp.*, 82 NY2d 738, 739) and denial of the motion was required (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

In similar fashion, Supreme Court determined that Wolfe's evidentiary submissions failed to establish a prima facie entitlement to judgment dismissing the affirmative defenses of failure to state a cause of action and failure to comply with the conditions precedent to litigation. Both of these defenses are premised on Wolfe's failure to follow the alternative dispute resolution provisions of the AIA contract. Wolfe bases his appellate argument on the claim that his proof that the date final payment was due was January 17, 1998 is uncontroverted since

that was a date 30 days after the date on which the project was deemed *substantially* complete and, therefore, the AIA contract is no longer applicable. We agree with Supreme Court that this argument is unavailing. The HUD agreement specified a completion date of November 18, 1997. Pursuant to the contract, however, final payment was not due until 30 days after the work was *fully* completed as defined therein. Although the project was certified substantially complete on December 17, 1997, Zandri's work was not fully complete since numerous change orders and items of delayed completion remained outstanding. Since Wolfe's evidence was insufficient to establish when the project was fully completed, the burden to come forward with competent admissible evidence did not shift to Zandri (*see, Wilder v Rensselaer Polytechnic Inst.*, 175 AD2d 534, 534).

Wolfe's other argument is that the alternative dispute resolution condition precedent to litigation in the AIA contract is not applicable since it was superseded by the provision of the HUD contract which requires the contractor to correct any defects due to faulty materials or workmanship which appear within one year from the date of substantial completion. We are unpersuaded. This provision of the HUD contract creates a one-year warranty with respect to Zandri's work, but it simply cannot be construed as superseding the alternative dispute resolution mechanism. Clearly, the date of substantial completion of the project may significantly differ from the date when final payment is due.

As a final matter, we note that neither party has addressed that portion of the alternative dispute resolution mechanism which makes it applicable to matters arising prior to the date final payment is due. In our view, whether a matter arises prior to the date final payment is due is subject to various interpretations and a determination cannot be made from this record.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.