■ JOHN J. FARESE, Respondent, v TOWN OF CARMEL et al., Appellants. [745 NYS2d 197] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Putnam County (Sweeny, J.), dated February 4, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, and the complaint is dismissed.

The plaintiff, who was driving his motorcycle on a road in the Town of Carmel, alleged that his accident occurred when he suddenly, and without warning, came upon a tractor belonging to the defendant Town of Carmel Highway Department, operated by the defendant Gerald Doyle, an employee of the defendant Town of Carmel. Doyle was using a flail mower to

mow the grass at the highway guardrail, and in doing so, the tractor was partially on the pavement of the road. The plaintiff alleged that he had to bring his motorcycle to the ground to avoid driving into the tractor. He further alleged that the defendants were negligent in failing to post signs regarding the tractor's work and failing to provide an escort vehicle for the tractor. The defendants sought summary judgment on the ground that, pursuant to Vehicle and Traffic Law § 1103 (b), since the vehicle was actually engaged in work on a highway, the defendants could only be liable for acts which were committed in reckless disregard for the safety of others.

Contrary to the plaintiff's contention, the defendants established that Doyle was actually engaged in work on a highway as that term is used in Vehicle and Traffic Law § 1103 (b) (*see Riley v County of Broome,* 95 NY2d 455, 461-463; *Skolnick v Town of Hempstead,* 278 AD2d 481, 482). Thus, the standard to be applied to the conduct of the defendants is that liability will attach only if they act in conscious disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (*see Riley v County of Broome, supra* at 465-466; *Saarinen v Kerr,* 84 NY2d 494, 501). The defendants established their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). In response, the plaintiff failed to raise an issue of fact as to whether, under the circumstances of this case, the tractor was being operated in reckless disregard of others resulting in a risk so great as to make it highly probable that harm would follow (*see Bliss v State of New York,* 95 NY2d 911, 913; *Saarinen v Kerr, supra; Skolnick v Town of Hempstead, supra*). Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.