■ KATHLEEN J. SULLIVAN et al., Appellants, v TOWN OF VESTAL et al., Respondents. [753 NYS2d 607] —Peters, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered February 21, 2002 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

During the late afternoon of October 21, 1999, plaintiff Kathleen J. Sullivan (hereinafter plaintiff) was driving a truck owned by her husband in an easterly direction on Castleton Road in the Town of Vestal, Broome County. As she crested a hill she observed a truck owned by the Town, also traveling east, which was being operated by Lloyd "Butch" Wiland. Plaintiff contends that she immediately hit her brakes and swerved to avoid hitting it. This maneuver, she asserts, caused her to lose control of her vehicle and suffer injury. The instant action was commenced by plaintiff and her husband, derivatively.

After joinder of issue and discovery, defendants made a successful motion for summary judgment dismissing the complaint. Supreme Court found that defendants were entitled to immunity pursuant to Vehicle and Traffic Law § 1103 (b) since Wiland was performing his duties within the scope of his job as highway supervisor for the Town and that plaintiffs did not sustain their showing that he acted with a reckless disregard for the safety of others. Plaintiffs appeal and we affirm.

Vehicle and Traffic Law § 1103 (b) provides that the safety rules and regulations governing the operation of vehicles upon highways will not apply to any "person[ ] * * * actually engaged in work on a highway * * * [or] to hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway." It further provides, however, that the exception to the safety rules does not apply to persons and vehicles traveling to or from a hazardous operation and, as to such persons or vehicles that are actually engaged in protected work or operations, the standard of care is "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]; see *Riley v County of Broome*, 95 NY2d 455, 461-463; *Kearns v Piatt*, 277 AD2d 677, 677-678).

Testimony proffered in support of the motion revealed that Wiland was working on a highway project earlier that day. At approximately 4:15 P.M., he left his job site and, while he was returning to the town offices, he traveled over Castleton Road where a different highway project had recently been completed. Wiland testified that it was the practice of all supervisors working for the Town to check on each other's job sites at the end of each day to make sure that the roads around such sites were

clear of debris or other potential hazards. On this date, he was driving slowly along the shoulder of the highway, using the blinking yellow hazard light on top of his truck along with the four-way flashers to warn of his slow travel. He testified that he frequently looked into his rearview mirror and, on one of such occasions, saw plaintiff's truck airborne as she crested the hill; he went over to offer assistance after the accident.

With the burden shifted to plaintiffs to show either that Wiland was not "actually engaged" in work on a highway or that he demonstrated a reckless disregard for the safety of others (*see generally Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065), we find an insufficient proffer. No testimony contradicted Wiland's description of the scope of his duties and all indicia of his operation of the vehicle demonstrated that his work had not yet been completed for the day. Moreover, with recklessness requiring evidence that " 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr*, 84 NY2d 494, 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556), we can find no viable contention of recklessness considering the slow speed of Wiland's vehicle and his engagement of various emergency hazard lights, even acknowledging Wiland's testimony that it was common for people to speed when cresting the hill (*see* Vehicle and Traffic Law § 1103 [b]). Accordingly, Supreme Court correctly concluded that defendants were entitled to immunity pursuant to Vehicle and Traffic Law § 1103 (b).

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.