■ STEPHEN LEVINE et al., Appellants, v GBE CONTRACTING CORP. et al., Respondents, et al., Defendant. [768 NYS2d 357]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated July 22, 2002, which, inter alia, granted the motion of the defendant GBE Contracting Corp. and the cross motion of the defendant Juarez Berger for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The injured plaintiff's vehicle collided with a truck driven by the defendant Juarez Berger, an employee of the defendant GBE Contracting Corp. (hereinafter GBE) after the truck made a U-turn on the New York State Thruway.

Contrary to the plaintiffs' contention, the truck was "actually engaged in work on a highway" pursuant to Vehicle and Traffic Law § 1103 (b) (*see Riley v County of Broome,* 95 NY2d 455, 461-463 [2000]; *Skolnick v Town of Hempstead,* 278 AD2d 481, 482 [2000]). Thus, liability will attach only if the defendants acted in conscious " 'disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' " (*Saarinen v Kerr,* 84 NY2d 494, 501 [1994], quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]; *see Riley v County of Broome, supra* at 465-466; *Bliss v State of New York,* 95 NY2d 911, 913 [2000]). The defendants established their entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the truck "was being operated in reckless disregard of others resulting in a risk so great as to make it highly probable that harm would follow" (*Farese v Town of Carmel,* 296 AD2d 436, 437 [2002]; *see Saarinen v Kerr, supra; Skolnick v Town of Hempstead, supra*). Accordingly, the Supreme Court properly granted GBE's motion and Berger's cross motion for summary judgment dismissing the complaint insofar as asserted against them. Florio, J.P., Friedmann, Townes and Cozier, JJ., concur.