■ Frederick Perry, Appellant, v Board of Education of the Rondout Valley Central School District et al., Respondents. [831 NYS2d 776]—

Carpinello, J. Appeal from an order of the Supreme Court (Hummel, J.), entered December 1, 2005 in Ulster County, which granted defendants' motion to dismiss the complaint at the close of plaintiff's case.

Plaintiff's pickup truck was the second vehicle behind a stopped school bus at a designated school bus stop when it was rear-ended by another vehicle. He then commenced this negligence case against the local school district, alleging that it negligently designated the stop, and against the bus company, alleging that it negligently operated the bus by stopping at a "dangerous location." During the course of plaintiff's proof at the ensuing nonjury trial, it was established that neither the school district nor the bus company had ever received any safety complaints about the location of this particular bus stop. In fact, according to the transportation supervisor employed by the

school district, the subject stop had been in existence for at least 30 years without incident. Moreover, according to the bus driver herself, she never perceived any danger in the location of this particular stop and that, prior to the subject accident, traffic had always been able to stop behind her at this stop without incident.

With respect to the subject accident, it was uncontradicted that the bus driver activated the yellow warning lights on the bus as she gradually approached the stop and that the red warning lights were thereafter activated as the bus stopped. Indeed, two separate vehicles, including plaintiff's truck, were able to safely come to a stop that day. At trial, plaintiff offered no proof that a safer alternative to the designated bus stop was feasible; rather, his theory of liability was that the site distance of the bus stop was less than 500 feet, thus requiring a sign to warn motorists that the bus stop was ahead. The complaint was dismissed at the close of plaintiff's proof on a number of alternative grounds, including proximate cause. Plaintiff now appeals.

We affirm. The complaint was properly dismissed. There was no proof submitted by plaintiff that a safer, alternative stop was available (*see Gleich v Volpe*, 32 NY2d 517, 523 [1973]),* that either the school district or bus company had the authority to place a warning sign on the roadway (*see id.* at 522; *Moshier v Phoenix Cent. School Dist.*, 199 AD2d 1019, 1020 [1993], *affd* 83 NY2d 947 [1994]), that either had a duty to request the local municipality to do so (*see Moshier v Phoenix Cent. School Dist., supra* at 1020) or that any such request would have actually been granted. Supreme Court also correctly determined that no alleged negligence of either the school district or bus company was proven to be a proximate cause of this rear-end collision (*see e.g. Sega v Ryder*, 287 AD2d 848, 850 [2001]; *Masone v Westchester County*, 229 AD2d 657, 659 [1996]). By failing to call the driver of the vehicle who rear-ended him as a witness, plaintiff failed to establish that the presence of a warning sign might have prevented the accident. For all these reasons, the complaint was properly dismissed.

The remaining issues raised by the parties have been rendered academic and, thus, we do not address them.

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* Notably, the Court of Appeals held that "[e]vidence of insufficient visibility . . . does not, in and of itself, warrant . . . a finding [of school district negligence in its placement of a bus stop]" (*Gleich v Volpe, supra* at 523).