◼ WILLIAM O'KEEFFE, Respondent, v STATE OF NEW YORK, Appellant. LANCER INSURANCE COMPANY, as Subrogee of ANNA'S AIRPORT & LIMOUSINE SERVICE, Respondent, v STATE OF NEW YORK, Appellant. (Claim Nos. 109135, 110753.) [835 NYS2d 434]—

In two related claims, inter alia, to recover damages for personal injuries, which were joined for trial, the defendant appeals from so much of an order of the Court of Claims (Ruderman, J.), dated March 22, 2006, as denied its cross motion for summary judgment dismissing the claims.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 7, 2004 an automobile operated by the claimant William O'Keeffe collided with a snowplow truck operated by

William Johnson, an employee of the New York State Department of Transportation. The accident occurred when Johnson, intending to make a U-turn, suddenly made a left turn onto the median of an interstate highway directly from the center lane, as O'Keeffe was attempting to pass him in the left lane. O'Keeffe and the insurer of the automobile he was driving filed claims against the State of New York, which were joined for trial. In the order appealed from, the Court of Claims, inter alia, denied the State's cross motion for summary judgment dismissing the claims.

The State argues that its liability should be measured under Vehicle and Traffic Law § 1103 (b), which "imposes [a] recklessness standard on vehicles actually engaged in work on a highway" (*Riley v County of Broome,* 95 NY2d 455, 466 [2000]). Contrary to the State's contention, it failed to establish its prima facie entitlement to judgment as a matter of law by "tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). On the record before us, there exist triable issues of fact, including whether Johnson was "actually engaged in work on a highway" at the time of the accident (Vehicle and Traffic Law § 1103 [b]; *see Ibarra v Town of Huntington,* 6 AD3d 391 [2004]; *cf. Sullivan v Town of Vestal,* 301 AD2d 824 [2003]). Accordingly, the Court of Claims properly denied the State's cross motion for summary judgment dismissing the claims.

In light of our determination, we need not reach the parties' remaining contentions. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.