■ Carmine Bicchetti, Respondent, v County of Nassau, Appellant, et al., Defendants. [854 NYS2d 401]—

An employee of the defendant County of Nassau was operating a vehicle engaged in snow removal operations on a highway. Therefore, his performance of that activity is subject to the standard of Vehicle and Traffic Law § 1103 (b), which requires due regard for the safety of others and sets a recklessness standard in determining the liability to others arising from the performance of the work. In order for the plaintiff to recover damages for injuries caused by the operation of a vehicle subject to the provisions of Vehicle and Traffic Law § 1103 (b), the plaintiff "must show that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (*Riley v County of Broome*, 95 NY2d 455, 466 [2000] [citation and internal quotation marks omitted]; *see Levine v GBE Contr. Corp.*, 2 AD3d 596 [2003]; *Farese v Town of Carmel*, 296 AD2d 436 [2002]).

The County failed to establish its prima facie entitlement to judgment as matter of law by "tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The record presents triable issues of fact as to the County employee's conduct in the course of plowing snow, thereby precluding summary judgment (*see O'Keeffe v State of New York*, 40 AD3d 607 [2007]). Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur.