■ MARIETTA SMALL, as Administrator of Estate of ARLETA ELEZI XHAFERRI, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. (Action No. 1.) MARIETTA SMALL, as Administrator of Estate of SUELA MJOLLI, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. (Action No. 2.) (And Other Actions.) [864 NYS2d 437]—

In related actions, inter alia, to recover damages for wrongful death, the plaintiff in actions No. 1 and 2 appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 2, 2007, as granted the separate motions of the defendants City of New York, Sanitation Department of the City of New York, and Mark A. Fonti for summary judgment dismissing the complaints in actions No. 1 and 2 insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contentions, the Supreme Court properly granted the motions of the defendants City of New York, Sanitation Department of the City of New York, and Mark A. Fonti (hereinafter collectively the municipal defendants) for summary judgment dismissing the complaints in actions No. 1 and 2 insofar as asserted against them. Since the municipal defendants were engaged in the removal of snow from a city bus stop with a front-end loader at the time of the accident, they could be found liable only if their conduct evinced a reckless disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, with a conscious indifference to the outcome (see Vehicle & Traffic Law § 1103 [b]; *Riley v County of Broome,* 95 NY2d 455, 466 [2000]; *Bicchetti v County of Nassau,* 49 AD3d 788 [2008]). In support of their motions for summary judgment, the municipal defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that they complied with applicable work regulations and were not reckless in operating the

front-end loader and in securing the work area, and the appellant failed to raise a triable issue of fact in response thereto (*see Ferreri v Town of Penfield,* 34 AD3d 1243 [2006]; *Sullivan v Town of Vestal,* 301 AD2d 824 [2003]; *Farese v Town of Carmel,* 296 AD2d 436 [2002]).

We further note that, even if the failure of the municipal defendants to utilize an additional guide person or other traffic warning devices at the work site was reckless, it was not a proximate cause of the accident. Given the undisputed evidence of the grossly excessive speed of the decedents' vehicle, the highly intoxicated condition of its operator, and the failure of that operator to observe the large, brightly-colored front-end loader, which was illuminated by the streetlights along the roadway as well as by its own numerous lights and reflectors, it is clear that the collision was caused solely by the negligence of the intoxicated driver, and additional warnings would have been futile under the circumstances (*see Peters v City of New York,* 33 AD3d 779 [2006]; *Sega v Ryder,* 287 AD2d 848 [2001]).

The appellant's remaining contention is without merit. Mastro, J.P., Spolzino, Balkin and Dickerson, JJ., concur.