In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated August 21, 2008, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On February 10, 2005, at approximately 11:30 p.m., the plaintiff allegedly was injured while driving on Moriches Middle Island Road in Manorville, New York, when his vehicle struck a dump truck owned by the defendant Brookhaven Town Highway Dept, (hereinafter the Highway Dept.) and operated by the defendant Vincent Fasciana. Fasciana, an employee of the defendant Town of Brookhaven, had been called earlier that evening to spread salt and sand on Moriches Middle Island Road near the entrance to the Southport Manor School. While performing this task, Fasciana had to make several passes over an icy condition. After Fasciana made approximately 12 U-turns without incident, he was in the process of making another U-turn when the plaintiffs vehicle struck the dump truck.
*647 In September 2005 the plaintiff commenced this action against the Town, the Highway Dept., and Fasciana. After issue was joined and discovery completed, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We affirm.
Contrary to the plaintiffs contention, the dump truck operated by Fasciana was “actually engaged in work on a highway” pursuant to Vehicle and Traffic Law § 1103 (b) (see Riley v County of Broome, 95 NY2d 455, 461-463 [2000]; Small v City of New York, 54 AD3d 747 [2008]; Levine v GBE Contr. Corp., 2 AD3d 596, 597 [2003]; Farese v Town of Carmel, 296 AD2d 436, 437 [2002]). Thus, the defendants could be found liable “only if their conduct evinced a reckless disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, with a conscious indifference to the outcome” (Small v City of New York, 54 AD3d at 747; see Vehicle and Traffic Law § 1103 [b]; Riley v County of Broome, 95 NY2d at 465-466; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d 705, 706 [2008]).
In support of their motion for summary judgment, the defendants made a prima facie showing of their entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the dump truck was being operated in reckless disregard of others resulting in a risk so great as to make it highly probable that harm would follow (see Farese v Town of Carmel, 296 AD2d at 437). Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.