■ MICHAEL J. CORCIONE, Appellant, v JOHN DOMINICK CUSUMANO, INC., et al., Respondents. [923 NYS2d 204]—

In an action to recover damages for personal injuries and injury to property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated June 11, 2010, as granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the first cause of action on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The defendants failed to establish their prima facie entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 559 [1980]). The defendants' examining

physician, Dr. Isaac Cohen, concluded in his affirmed report that the plaintiff presented with resolved cervical and lumbar sprains, and that herniations and bulges noted in the plaintiff's magnetic resonance imaging (hereinafter MRI) reports were "of no clinical significance" and caused "no neural compromise." However, the MRI reports, which were reviewed by Dr. Cohen, refer to impingements on the lumbar and cervical neuro canal. Dr. Cohen's report fails to reconcile his conclusion of no neural compromise with the MRI reports reflecting cervical and lumbar neural canal impingements, rendering his opinion conclusory, speculative, and insufficient (*see Damas v Valdes*, 84 AD3d 87 [2011]; *Singh v City of New York*, 71 AD3d 1121 [2010]; *Nicholson v Allen*, 62 AD3d 766, 767 [2009]; *Zarate v McDonald*, 31 AD3d 632, 633 [2006]; *Bennett v Genas*, 27 AD3d 601 [2006]; *Giraldo v Mandanici*, 24 AD3d 419, 420 [2005]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.