# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**254**
**CA 16-01395**
PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

JACOB MARTINEZ, PLAINTIFF-APPELLANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, CITY OF BUFFALO DEPARTMENT OF
PUBLIC WORKS, PARKS AND STREETS, AND THOMAS ALAN
GILL, DEFENDANTS-RESPONDENTS-APPELLANTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT-RESPONDENT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered November 9, 2015. The order denied that part of the motion of plaintiff seeking summary judgment on the issue of negligence, granted that part of the motion of plaintiff seeking summary judgment on the issue of serious injury and determined that the reckless disregard standard of Vehicle and Traffic Law § 1103 (b) applies in this case.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph and by denying plaintiff's motion with respect to the 90/180-day category of serious injury, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was struck by a snowplow while he was operating his own motor vehicle in the lane adjacent to the snowplow. The snowplow was operated by defendant Thomas Alan Gill, who was employed by defendant City of Buffalo (City). In attempting to make a U-turn with the snowplow, Gill proceeded into plaintiff's lane of travel, and the two vehicles collided. Plaintiff moved for partial summary judgment on the issues of negligence and serious injury. Supreme Court granted plaintiff's motion with respect to the issue of serious injury, determined that the "reckless disregard for the safety of others" standard contained in Vehicle and Traffic Law § 1103 (b) applied to the operation of the snowplow, and denied plaintiff's motion with respect to the issue of negligence. Plaintiff appeals with respect to the issue of reckless disregard, and defendants cross-appeal with respect to the issue of serious injury. We conclude that there are issues of fact with respect to whether the reckless

disregard standard applies, and that plaintiff did not meet his initial burden with respect to the 90/180-day category of serious injury, and we therefore modify the order accordingly.

We begin by observing that, although defendants did not move for summary judgment on the issue of reckless disregard, it is well settled that a court deciding a motion for summary judgment is empowered to search the record and may, even in the absence of a cross motion, grant summary judgment to a nonmoving party (see generally CPLR 3212 [b]; Horst v Brown, 72 AD3d 434, 437, appeal dismissed 15 NY3d 743). Although the court's search of the record is limited to those causes of action or issues that are the subject of the motion (see Mercedes-Benz Credit Corp. v Dintino, 198 AD2d 901, 901-902), here plaintiff's motion sought to have the court apply the ordinary negligence standard. Thus, we conclude that the court was authorized to reach the reckless disregard issue and grant summary judgment in favor of the nonmoving party. However, we conclude that issues of fact with respect to whether the snowplow was a vehicle "actually engaged in work on a highway" at the time of the accident preclude summary judgment on that issue (Vehicle and Traffic Law § 1103 [b]; see O'Keeffe v State of New York, 40 AD3d 607, 608). Although Gill testified at his examination before trial that he was "done checking the area" and was not plowing, salting, or sanding the roadway at the time of the accident, plaintiff testified at his General Municipal Law § 50-h hearing that, shortly before the accident, the snowplow was salting the road and had its hazard lights engaged. At another point in his testimony, Gill stated that, shortly before the accident, he was checking the road for ice build-up, but that he could not recall if he was salting the road at the time of the accident. Gill also testified that his destination at the time of the accident was a local park where he would "take a break," but the record fails to establish if the snowplow was actually on a City street or a town road at the time of the accident and also fails to establish the precise route that Gill was assigned to service that day. In light of those conflicting descriptions of the circumstances surrounding the accident, we conclude that it cannot be determined as a matter of law on this record that the snowplow was "actually engaged in work on a highway" at the time of the accident (Vehicle and Traffic Law § 1103 [b]).

Even though the court granted plaintiff's motion on the issue of serious injury, it failed to specify under which category of serious injury plaintiff is entitled to recover. According to plaintiff, he sustained a serious injury under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories set forth in Insurance Law § 5102 (d). Defendants do not challenge plaintiff's assertion that he met his initial burden with respect to the categories of permanent consequential limitation of use and significant limitation of use. Rather, defendants contend that they raised issues of fact with respect to those categories by submitting the report of a chiropractor who conducted an independent medical examination of plaintiff approximately five months after the accident. In his report, the chiropractor opined that plaintiff was suffering from only cervical and lumbar "strain/sprain," and that

plaintiff "is able to return to pre-loss activity levels" and "capable of working and performing all of his usual activities of daily living without restrictions."  We note, however, that the chiropractor failed to address or reconcile his opinions with the cervical MRI studies that reveal a small central C3-4 disc herniation, a right paracentral C5-6 disc herniation, and a left paracentral C6-7 disc herniation, all of which impinge in varying degrees on the anterior aspect of the thecal sac.  The chiropractor also failed to address in his report the cervical spine surgery that plaintiff underwent in 2014, and failed to address or reconcile his opinions with the EMG study that established right C6 radiculopathy in plaintiff's upper extremity.  We conclude that such deficiencies in the report of defendants' expert chiropractor render the opinions therein conclusory, speculative, and insufficient to raise an issue of fact with respect to the serious injury categories of permanent consequential limitation of use and significant limitation of use (*see Corcione v John Dominick Cusumano, Inc.*, 84 AD3d 1010, 1011; *Frias v James*, 69 AD3d 466, 467).

With respect to the 90/180-day category, it is undisputed that plaintiff's medical providers were unanimous in their opinions that all of plaintiff's injuries are permanent in nature.  Thus, on this record, plaintiff failed to meet his initial burden of demonstrating "a medically determined injury or impairment of a non-permanent nature" with respect to the 90/180-day category (Insurance Law § 5102 [d]).  This is not to say that a 90/180-day category injury cannot coexist with a permanent consequential limitation of use injury, but rather that the medical evidence submitted by plaintiff establishes that none of his injuries are of a nonpermanent nature.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court