■ THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General, Respondent, v D.B.M. INTERNATIONAL PHOTO CORP., Doing Business as NEW YORK CAMERA, et al., Appellants.—Order and judgment (one paper), New York County (Irving Kirschenbaum, J.), entered August 21, 1986, granting the application of petitioners against respondents D.B.M. International Photo Corp. (D.B.M.), Messrs. Keevy Braver, Marvin Davis, and Robert Moskowicz for, *inter alia,* a permanent injunction, civil penalties, and costs, is unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of: (a) substituting the words "preliminarily enjoined" for the words "permanently enjoined" in decretal paragraph numbered II, (b) deleting decretal paragraph numbered IV, which directed that respondents pay civil penalties, (c) deleting decretal paragraph numbered V, which ordered that respondents pay costs, (d) remanding

this matter to Trial Term for further proceedings, including an evidentiary hearing on the merits of the petition, and, except as thus modified, otherwise affirmed, without costs.

D.B.M., doing business as New York Camera, is a New York corporation, which engages in a nationwide business of mail- and telephone-order sales to consumers of photographic and electronic equipment and supplies. The individual respondents are officers of D.B.M.

In August 1985, the petitioner instituted a proceeding, pursuant to section 63 (12) of the Executive Law and sections 349, 350, and 396-m of the General Business Law, against the respondents, by a notice of petition, the petition, and an affirmation by an Assistant Attorney-General (AAG). The petitioner sought a permanent injunction to prevent respondents from engaging in certain alleged deceptive and illegal business practices, restitution and damages, civil penalties for alleged false advertising, and costs. Our examination of the petition indicates that, in substance, petitioners claim respondents engage in: (1) fraudulent conduct, by repeatedly and persistently failing to ship merchandise as promised, and to issue refunds promptly; and, (2) false and deceptive advertising.

In their answer, respondents assert, pursuant to CPLR 404 (a) as an affirmative defense, that the petition should be dismissed, since it is unsupported by competent proof, in that, *inter alia,* the 118 complaint letters attached to the affirmation of the AAG are unsworn, and his affirmation does not indicate that he has personal knowledge of the details of any of the complaints.

Based upon the papers submitted, and without a hearing, Special Term granted petitioner's petition against respondents for a permanent injunction, civil penalties, and costs.

We find Special Term erred.

The Court of Appeals has held that the same summary judgment standards that apply to actions are also applicable to special proceedings brought under CPLR article 4 *(Matter of Port of N. Y. Auth. [62 Cortlandt St. Realty Co.],* 18 NY2d 250, 255 [1966]). In order "[t]o obtain summary judgment it is necessary that the movant establish his cause of action * * * 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067 [1979]). Accordingly, we find the proof offered by petition-

ers, which, in substance, consists only of unsworn complaints and an affirmation of an attorney who does not have knowledge of the facts, insufficient to justify "the summary disposition accorded [by Special Term]" *(State of New York v General Motors Corp.,* 48 NY2d 836, 838 [1979]).

Accordingly, respondents are entitled "to a hearing, with the opportunity to present evidence on the issues raised in the proceeding" *(Matter of People v Long Is. Home,* 32 AD2d 618 [1969]).

We agree with respondents' position, as set forth in their brief, that at this juncture, the relief granted, at best, should be limited to a preliminary injunction, and not a permanent injunction.

Accordingly, we modify the order and judgment to the extent of substituting a preliminary injunction for a permanent one. Concur—Sandler, J. P., Ross, Asch, Kassal and Ellerin, JJ.