Matter of Bank of N.Y. Mellon v BlackRock Fin. Mgt., Inc. (2022 NY Slip Op 00807)





Matter of Bank of N.Y. Mellon v BlackRock Fin. Mgt., Inc.


2022 NY Slip Op 00807


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Index No. 150738/19 Appeal No. 15246 Case No. 2020-03052 

[*1]In the Matter of the Bank of New York Mellon, etc. Petitioner-Respondent, Silian Ventures LLC, Respondent-Appellant,
v
BlackRock Financial Management, Inc., et al., Respondents-Respondents, American General Life Insurance Company et al., Respondents.


Quinn Emanuel Urquhart & Sullivan, LLP, New York (William B. Adams of counsel), for appellant.
Mayer Brown LLP, New York (Christopher J. Houpt of counsel), for The Bank of New York Mellon, respondent.
Gibbs & Bruns LLP, Houston, TX (David M. Sheeren of the bar of the State of Texas, admitted pro hac vice, of counsel), for BlackRock Financial Management, Inc., Federal Home Loan Bank of Atlanta, Goldman Sachs Asset Management, L.P., Kore Advisors, L.P., Pacific Investment Management Company LLC and Federal Home Loan Bank of San Francisco, respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about May 29, 2020, which, insofar appealed from as limited by the briefs, instructed petitioner Bank of New York Mellon (BNY Mellon) to continue using the actual interest rates on mortgage loans when calculating the interest due to interest-only senior certificate holders of certain residential mortgage-backed securities (RMBS) trusts, unanimously affirmed, with costs.
In 2017, respondent Silian Ventures LLC acquired interest-only senior certificates (IO certificates) issued by certain RMBS trusts; Countrywide Home Loans, Inc. sponsors the trusts and BNY Mellon is the trustee. The interest paid to IO certificate holders, including Silian, is based on the mortgages' modified interest rates — which, after the 2008 financial crisis, had been adjusted downward — as set forth in the pooling and servicing agreements (PSAs) governing the trusts. Silian, however, maintains that its IO certificates, acquired more than a decade after the trusts were established, are entitled to the original interest rates as set forth in the PSAs before the downward adjustment. As a result, BNY Mellon commenced this proceeding under CPLR article 77, seeking judicial instructions regarding the mortgage rate to be used in calculating the interest due to IO certificate holders.
To begin, the PSA — namely, the Countrywide Alternative Loan Trust 2006-6CB, which the parties agree is an appropriate model PSA — is ambiguous. Both Silian's interpretation (that BNY Mellon should use the original interest rates when calculating the amount due to IO certificate holders) and the interpretation of BNY Mellon and the IO certificate holders other than Silian (that BNY Mellon should use the actual, lower rates) are reasonable (see LDIR, LLC v DB Structured Prods., Inc., 172 AD3d 1, 4-5 [1st Dept 2019]).
In light of the PSA's ambiguity, Supreme Court properly granted BNY Mellon's petition based on the parties' course of conduct (see Waverly Corp. v City of New York, 48 AD3d 261, 265 [1st Dept 2008]). To be sure, where a contract is clear and unambiguous, a party's course of conduct could not change its meaning (see Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [2013]; Brainard v New York Cent. R.R. Co., 242 NY 125, 133-134 [1926]). But where, as here, a contract is ambiguous, a court may determine that the contract terms are, in fact, congruent with the parties' consistent course of conduct, even where another interpretation is possible under the contract terms (see Carthage Tissue Paper Mills v Village of Carthage, 200 NY 1, 14 [1910] City of New York v New York City Ry. Co., 193 NY 543, 548 [1908]).
Here, no party disputes that the initial holders of IO certificates — that is, those entities holding the certificates before Silian's purchase — would have benefited had BNY Mellon calculated the interest using the original mortgage rates. Nonetheless, until Silian bought its IO certificates more than a decade [*2]after they were issued, no IO certificate holder objected to BNY Mellon's use of the actual, lower interest rates despite the fact that the higher interest rates would have been more lucrative. As a result, Supreme Court properly found that, based on the parties' years-long course of conduct, the ambiguity in the PSA was to be resolved in favor of using the lower interest rates (see Carthage Tissue Paper Mills, 200 NY at 14).
Supreme Court properly granted the petition without discovery. While CPLR 7701 provides that any party shall have the right to conduct depositions of the trustees, nothing in the record suggests that Silian requested discovery. Moreover, none of the affirmations submitted by Silian's counsel made a showing that facts essential to opposing the motion existed, nor, indeed did any of those affidavits even mention disclosure (CPLR 3214[f]; see generally Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7701 [a "proceeding brought pursuant to CPLR 7701 is governed generally by CPLR [a]rticle 4"]; People v D.B.M. Intl. Photo Corp., 135 AD2d 353, 354 [1st Dept 1987] [the same summary judgment standards that apply to actions are also apply to special proceedings brought under CPLR article 4]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022